## MELTON v. TROUTMAN.

1. If a part of a deposition is legal, and a part, illegal evidence, and a party
   object to it as a whole, it is not error in the court to overrule the objec-
   tion.   In such a case it is the duty of the objecting party to point out the
   particular portion of the testimony that he deems illegal.
2. In an action for vexatiously sueing out an attachment, it is competent
   for the defendant to prove, in mitigation of damages, that the plaintiff was
   indebted to him in Georgia, and that he ranaway from that State with his
   property to avoid the payment of his debts.
3. Where the defendant in an attachment suit, brings an action vs. the
   plaintiff for maliciously suing out the attachment, and offers in evidence,
   in connexion with the answers of such plaintiff, to interrogatories filed in
   said suit, under the statute, the interrogatories and *his own affidavit* there-
   in, for the purpose of explaining the answers, without pointing out the ne-
   cessity of any explanation, or the particular part relied upon for the pur-
   pose, the court may properly reject the whole.

Error to the Circuit Court of Talladega.    Before the Hon.
S. Chapman.

ACTION on the case, by Melton against Troutman, for
wrongfully, vexatiously and maliciously suing out an attach-
ment, returnable to Shelby circuit court.    The attachment

was sued out for the sum of $2,300, but the verdict and judgment were for $1,201 only ; the claim having been reduced by proof that usury entered into the consideration of the note, on which the attachment was founded.

At the trial, the defendant offered the deposition of one Jones, who stated, with other matter, that the plaintiff resided in Georgia, from 1832 until 1842; in the month of February, of which latter year, he left, under very suspicious circumstances ; having runaway with his property, to avoid the payment of his debts. When he left he was indebted to the defendant in the sum of $2,000 or upwards, as he told the witness. The plaintiff objected, *generally*, to all the answers, as containing irrelevant testimony, but especially that part just stated. The court allowed the deposition to be read.

The plaintiff, afterwards, in the course of the trial, offered, as rebutting testimony, to read certain answers of the defendant, to interrogatories propounded to him in the attachment suit, and offered with said answers, so much of the statement made by him as the foundation for the interrogatories, and so much of the interrogatories as were necessary to the understanding of the answers. The statement asserted usury in the consideration of the note, on which the attachment suit was founded, as well as payment of particular sums of money in liquidation of all, or of a portion of what was due.

The court refused to allow any part of the plaintiff's statement, or the interrogatories to be read, but ruled that the answers might be read by the plaintiff.

The plaintiff excepted to the rulings of the court, and they are now assigned as error.

Morgan, for plaintiff in error.

1. The answer of Jones to the 5th interrogatory, was irrelevant, and was calculated to prejudice the rights of the plaintiff.

2. It will be seen that Troutman's answer to interrogatories propounded to him, refers, directly to the affidavit made by the plaintiff, and admits all the facts therein stated, which are not contradicted in the answer. The reference to the affidavit, made it a matter of evidence, and the court erred in excluding it from the jury.

Melton v. Troutman.

S. F. RICE and L. E. PARSONS, contra.

1. When legal testimony is united with and offered to-gether with illegal testimony, as a whole, the court is not bound to separate the good from the bad, but may reject the whole. Smith v. Zaner, 4 Ala. Rep. 99.

2. Where a motion is made to exclude all the testimony given by a witness, a part of which is admissible, the court is not bound to distinguish the legal from the illegal evidence, but may overrule the motion *in toto*. Hrabrowski v. Herbert, 4 Ala. Rep. 265 ; Litchfield v. Falconer, 2 ib. 280. As to usury, see Kirksey v. Jones, when last here.

DARGAN, J.—It is the duty of a party objecting to evidence, to point out with certainty, the evidence he deems objectionable. If it is offered by way of deposition, and the objection is to the whole deposition—the whole must be illegal, or there is no error in admitting it. If a part of the deposition only is illegal, the objection must point out the illegal part, and if it does not, the court may overrule the objection. 4 Ala. 265 ; 2 ib. 280.

Any other rule of practice, than this, would lead to results that would be intolerable, as it would impose on the court, in the midst of the trial, the necessity of suspending it, and examining the whole deposition, and excluding such portions as the judge might deem illegal, although in the opinion of the party objecting, the portion excluded by the court, might be legal. So, too, a party offering testimony, some of which is legal, and some illegal, if the court reject the whole, it is not error, for it is the duty of the party offering the testimony, to separate the legal, from the illegal, and if he will not, the court may reject the whole. Smith v. Zaner, 4 Ala. 99; Elliott v. Pearsall, 1 Peters, 328.

When, too, exceptions are taken to the ruling of the court below, in excluding testimony, the exception should point, with sufficient certainty, to the testimony rejected, to enable this·court to ascertain the character of the testimony, and determine whether it is legal, or illegal.

Guided by these general rules, we can find no error in the record. The objection was to the whole of the deposition of Jones, when it is certain that portions of it were legal testi-

mony, at least for the purpose of showing, that the defendant
was not actuated by malice, in suing out the attachment.
One of the counts in the declaration, alledges, that the at-
tachment was vexatiously sued out.    Under this, he was en-
titled to vindictive damages, if the defendant had procured
the issuance of the process maliciously.    McCullough v.
Walton, 11 Ala. 472; Donnell v. Jones, 13 Ala. 490.

2. The plaintiff, who was the defendant in the attachment
suit, filed interrogatories to the defendant, for the purpose of
proving, that the note on which the attachment was issued,
was usurious.    And in order to obtain an order of the court,
allowing the interrogatories to be filed, he made oath, in con-
formity with the statute, setting out the facts constituting the
usury.    The defendant answered these interrogatories, and
they were returned to the court in which the attachment
was pending.    The plaintiff, by way of rebutting proof, of-
fered to read the answers of the defendant, taken in that suit,
together with so much of the interrogatories, and the affida-
vit made by the plaintiff to obtain the order allowing them,
as was necessary to understand the answers, but did not point
out what interrogatory, or what part of the affidavit, was ne-
cessary for this purpose ; but the answers, interrogatories, and
affidavit, were all offered at once.    The court decided that
the answers might be read, but rejected the affidavit of the
plaintiff, and the interrogatories.

We will not consider whether an interrogatory, which has
been answered, may not become evidence for the purpose of
explaining the answer, and to give it its full force and effect;
but it is very certain, that when a mass of written evidence
is offered, some of which is not admissible, and it is only
said, that so much is offered, as will explain some evidence
that is legal, without pointing out the necessity of any expla-
nation, or what particular part is relied on for this purpose,
the court may reject the whole.    If there was any necessity
for reading any one of the interrogatories, for the purpose of
explaining the answer, the party offering the interrogatory,
should have pointed it out to the court below.    As he did
not do so, the court properly rejected both the affidavit of
the plaintiff, and the interrogatories.

It is, however, now contended, that the answer admits

material facts in the affidavit of the plaintiff to be true, and thus the affidavit of the plaintiff is legal proof against the defendant.    If the affidavit of the plaintiff, had been offered as evidence in the court below, because it had been admitted to be true, we think the circuit court would have allowed it to go to the jury.    But it does not appear from the record, that it was offered as evidence on that ground, but solely on the ground of explaining the answers.    We have, however, looked both to the answer, and the affidavit, and we find nothing admitted in the affidavit, that is not distinctly stated in the answer, by reading which, the plaintiff would have obtained the full benefit of every fact, admitted in the affidavit to be true.

There is no error in the record, and the judgment must be affirmed.