## MURRAH vs. THE BRANCH BANK AT DECATUR.

1. When the record contains a bill of exceptions signed and sealed in term time, and also other exceptions which are without date, with nothing on their face to to show at what time they were taken, and entirely disconnected from the first bill of exceptions, but purporting to have been taken "during the further progress of the cause," the latter will be rejected as forming no part of the record.

2. In a suit by the Bank against the maker on a promissory note purporting on its face to have been given for the amount of the maker's indebtedness to the Bank, evidence is admissible to show that the agreement which constituted the consideration of the note was the extinguishment of the debt of another person to the Bank, and that the proceeds were so applied.

3. When evidence is objected to as a whole, the court is not bound to exclude any part of it unless the whole of it is inadmissible.

4. The question whether the Bank exceeded its powers, by taking more than legal interest in the note sued on, cannot be raised for the first time in the Appellate Court, when the only error assigned relates to the admission, against the objection of the plaintiff in error, of certain evidence touching the consideration of the note.

ERROR to the Circuit Court of Morgan.

Tried before the Hon. S. C. Posey.

This was a motion by the Bank for judgment against the plaintiff in error, on a promissory note of which the following is a copy:

"We, Amos B. Murrah, as principal, and Wm. H. Sale and Murrah & Gamble, as securities, jointly and severally promise to pay to .the Branch of the Bank of the State of Alabama at Decatur, two thousand dollars, payable as follows: twenty-five per cent. on the 30th day of June, 1838; thirty-seven and a half per cent. on the 30th day of June, 1839; and the balance on the 30th day of June, 1840; with interest on the whole, also payable at said times, at the rate of eight per cent. per annum from this date; being an amount the said Amos B. Murrah is indebted to the said Branch Bank, time for the payment of which is thus extended, under the provisions of the second section of an act of the General Assembly, passed at the called session of 1837, entitled," &c., "Dated Limestone county, September 27, 1837," (signed) "A. B. Murrah, principal, Wm. H. Sale, security, Murrah & Gamble, security."

The defendant proved at the trial, by an officer of the Bank, that he had made a full examination of the books of the Bank, and that he could not find any record whatever that said Amos B. Murrah owed said Bank anything at the date of said note. Defendant also proved that he was not a member of the firm of Murrah & Gamble. The plaintiff then offered to prove, that said note was taken by said Bank, and applied to the payment of debts due to it by Murrah & Gamble, and that a memorandum on the note, in these words: "Proceeds of this note to be applied to the payment of Murrah & Gamble's bill," was in the handwriting of James K. Murrah, one of the members of the firm of Murrah & Gamble. Plaintiff also introduced a check, (which is not set out in the record on account of its loss,) signed by defendant, and proved that the body of it was in the handwriting of an officer of the Bank; that he did this by the direction of said James K. Murrah, who handed him said check; that so far as said officer knew, said A. B. Murrah never knew of the application of said note, or of the manner in which said check was filled up, or that he ever assented thereto afterwards; and that it was the custom of said Bank, established by about twenty-four cases of the kind, to take notes of this description, and apply them to the payment of the debts of other persons, when the makers owed the Bank nothing. To the introduction of all which evidence defendant objected, but his objection was overruled, and he excepted.

The foregoing facts are set out in a bill of exceptions, which was signed and sealed by the presiding Judge in term time. The record also contains an additional exception, which is in these words: "During the further progress of this cause, the court charged the jury, that if they believed the note sued on was given in extension of the debt of Murrah & Gamble, then defendant was liable, although he did not himself owe the Bank anything. To which opinion of the court the defendant excepts, and now here tenders this, his bill of exceptions, which he prays may be signed, sealed and made a part of the record, which is done." (Signed) "S. C. Posey." (Seal.) A motion was made by the defendant in error, to strike the second exceptions from the record.

25

JAMES ROBINSON, for plaintiff in error.

The proof offered and objected to should have been excluded by the court for two reasons:

1. Because the consideration of the note, as shown by the proof, was different from that stated in the note. Parol proof is not received to contradict the consideration stated in a written instrument. Wood v. Stegar, 5 Porter 498; Johnson v. Ballow, 2 Porter 29; 10 Ala. 548; Murphy v. Branch Bank at Mobile, 16 Ala. 94; 2 Phil. Ev. 1460; 3 Stark. Ev. 1004.

2. Because the act of the Bank in taking this note was illegal and void. At the execution of the note A. B. Murrah owed the Bank no debt; and as he did not owe the Bank, it had no power to take a three years' note and charge an interest at the rate of eight per cent. Clay's Digest 94, § 3, 90, § 4.

The Bank is the creature of the statute, and can exercise no powers except those expressly given it by the statute; and being so, if it exceed the powers so given, its whole act is illegal and void. Springfield Bank v. Merrick, 14 Mass. 322; Thalimer v. Brinkerhoof, 20 John. 397; Beaty v. Knowler, 4 Peters 168; Bates & Hines v. Bank of Alabama, 2 Ala. 459; Bank of United States v. Dandridge, 12 Wheat. 64; Bank of Augusta v. Earle, 13 Peters 587; New York Insurance Company v. Ely, 5 Conn. 561. Then in charging eight per cent. the Bank exceeded its power.

Again: under the act of 1337, Clay's Digest 112, § 51, the Bank could take a three years' note only in extension of a *pre-existing* debt. It could not, by one and the same transaction, create a debt and extend it to three years. And that act authorized it to take the note of the *debtor himself* in extension of the debt; but did not give it the power to take in extension the note of any other person than the debtor.

Now it is wholly immaterial whether this proof was offered under the notice or under the declaration. For if offered in either way the objections apply.

These views are sufficient to show that the court erred, in giving the charge to the jury as well as in admitting the proof.

It requires neither authority or arguments to show that the court erred in admitting the proof as to the custom.

But it may be said that although the note is void, yet under the common count they have a right to recover for money lent. This can not be sustained, because the proof shows that A. B. Murrah did not in fact borrow or receive from the Bank one dollar. And unless he did receive the money, the Bank can not recover under the common count. Life and Fire Insurance Company v. Mechanics Fire Insurance Company of New York, 7 Wend. 31.

COOPER, BRICKELL and JONES, for the defendant.

1. It is conceded, that a contract to pay the debt of another, must be in writing, and for a valid consideration. The note in this case removes all controversy about the writing. If it did not, the promise could be sustained as an original promise, on the consideration disclosed, the debt of Murrah & Gamble having been paid by this note. Leonard v. Vredenberg, 8 Johns. 30; Anderson v. Davis, 9 Vermont, 136.

2. As to the consideration, any injury or detriment to the party to whom the promise is made, or any benefit to the party promising, is a sufficient consideration to support a contract. Foster v. Fuller, 6 Mass. 59; Overstreet v. Phillips, 1 Littell, 121; Rundle v. Harris, 6 Yerger, 508. The taking of this note by the Bank, in payment, and consequently, in discharge of the original debt of Murrah & Gamble, was such an injury or detriment to the Bank, as would constitute a valid consideration. Leonard v. Vredenburg, and Anderson v. Davis, cited above.

Was the parol evidence as to the consideration of this contract, admissible under the language of this note? The indebtedness spoken of is a *present*, not a *past* indebtedness, just such an indebtedness as was imposed on the plaintiff in error, by his assumption of, and the Bank's discharge of the debt of Murrah & Gamble. There is, then, no conflict between the writing and the parol evidence. The terms used may have been applied to an indebtedness previously existing, or to an indebtedness that moment created. Where the terms of a written instrument are equivocal, or apply indifferently to more than one subject-matter, parol evidence is admissible to point out the true subject matter. 1 Greenl. on Evidence 524; 1 Barbour 525; 3 Johns. 319; 1 Paige 272;

4 Barn. & Adol. 787; 7 Carr. & Payne 761; 5 Pick. 35; 2 Ala. 284; 2 Leigh 256; Cowen & Hill's Notes (Part 2) 1590. Again, parol evidence is admissible to show a consideration not mentioned in a deed, or writing, or a further consideration, if not inconsistent or incompatible with that mentioned. 5 Stew. & Port. 420.

But it is said, that the language of the note adopts the provisions of the statute recited, and requires proof of an indebtedness existing at the time of its passage. We reply, that such was the debt of Murrah & Gamble, for which this note was taken. The statute only intended to require a division, an extension, of the debts due the Bank, and this was one. It does not grant indulgence to one man in preference to another, but simply requires the Bank to extend the time of the payment of the debts due it. This power the Bank had before the passage of the Act. The Bank could at any time have compounded, released, or extended the time of the payment of any debt due it. Or, if the Bank found it necessary for the security of any debt, or for any other reason which it might deem sufficient, it had the right, the power, to substitute the note of one person for that of another. The power to deal in bills of exchange, to discount notes, &c., included within it the right of doing everything that may be necessary to collect such notes as may be discounted, or such bills of exchange as may be purchased. Without this right, the power of discounting, &c., would be an injury instead of a benefit.

But we contend, that this note was taken under the Act of 1837, and that it was perfectly competent for the Bank so to do. The consideration for which the note was given was a debt which could be extended under the Act of 1837. The privilege of extension is an incident to the debt, and why it should not pass to any person willing to assume the indebtedness we cannot see. The person assuming the indebtedness secures either for himself, or the debtor, the benefit which the statute intended to confer by an extension of the debt, and the Bank sustains all the injury that it could sustain, if the debt had been extended by the debtor. The time of payment is extended, thus relieving the debtor from being forced by suit to make immediate payment. The Bank is forced to wait,

until each instalment falls due, before it can collect its debts. And we insist, that the Bank had this right, as there is nothing in the statute inhibiting it, and that the Bank had the right under its charter to extend the debts due it.

But it is insisted, that the note is void, because more than six per cent. interest is reserved by it to the Bank. To this we reply, that this was not a discount, such as is contemplated by the section of the charter inhibiting the Bank from taking more than six per cent. This was an extension under the Act of 1837 of a debt, upon which, when extended, the Bank had the right to charge eight per cent. interest. Clay's Digest 112, § 51.

But again, if we are wrong in the positions stated above, the contract is nevertheless obligatory. The act in question and other kindred statutes are directory, intended not as restrictions upon the powers of the Bank, but as guides to its officers. The Bank officers may have transcended their duties, not their powers, but this cannot furnish any defence to those, who through this means, have possessed themselves of the Bank property. 2 Ala. Rep. 462.

The evidence admitted was objected to as a whole. Now, if any portion of the testimony was admissible, this court will not reverse, though another portion may have been inadmissible. For it was not the duty of the court below to discriminate, separating the admissible from the inadmissible part. It is also a rule, that when a party excepts to the admission of testimony, he must set out in his bill of exceptions the testimony admitted, or the Appellate Court will not interpose. Cowen & Hill's Notes 792. The check introduced, and referred to in the bill of exceptions, is not set out. How can this court say that the check was inadmissible? If it was admissible, the court below did not err. Must not this court presume that the check was inadmissible before the judgment of the court below can be reversed?

GOLDTHWAITE, J.—The record in this case shows a bill of exceptions signed and sealed in term time. There are also additional exceptions, which appear to have been taken on the trial of the same cause, but which are entirely disconnected from the first bill of exceptions, are without date, and

with nothing on their face to indicate at what time they were signed. The case of Kitchens v. Moye, 17 Ala. Rep. 143, is conclusive to the point, that the record must show affirmatively, that the bill of exceptions was signed before the adjournment of court, or within ten days thereafter, by the written consent of the counsel engaged in the cause. On the authority of the case cited, the exceptions objected to cannot be considered as any part of the record, and the motion of the defendant in error to strike them off must prevail.

The remaining question is, whether the court below erred in allowing the evidence set out in the first bill of exceptions, to go to the jury; and this, in our opinion presents simply the inquiry as to the effect of a third person giving his note in consideration of the extinguishment of the debt of another. The evidence admitted, shows that Gamble & Murrah were indebted to the Branch Bank at Decatur, and it also tends to show that the note, on which the proceedings in the court below were instituted, was given by the plaintiff in error for the purpose of extinguishing this debt, and that in reality it was applied to that object. The check which was proved to have been signed by the plaintiff in error, but which is not set out in the record, on account of its loss, it is fair to presume, directed the proceeds of the note to be passed to the credit of Murrah & Gamble, or to be applied to the debt owing by them. This was in all respects a perfectly legitimate transaction, and by it, as expressed in the face of the note, the plaintiff in error was indebted to the defendant in error, and the evidence offered, instead of contradicting the specific consideration stated in the note, tends to confirm it. It is unnecessary to inquire into the admissibility of the other portions of the evidence, as the objection was taken to the testimony as a whole, and under the repeated decisions of this court, unless all the evidence offered was inadmissible, the court was not bound to exclude any part. Litchfield v. Falconer, 2 Ala. Rep. 280; Hatchett v. Gibson, 13 Ala. Rep. 587; Melton v. Troutman, 15 Ala. Rep. 535.

In relation to the question attempted to be raised, as to the Bank exceeding its power, by the taking of more than six per cent. interest on the note, we are satisfied that it cannot, on the record as it now stands, be presented in this court. It

could have been made in the court below, either by a de-murrer to the evidence, or by requesting the necessary instruction to the jury; but is certainly not involved in the consideration of the admissibility of the evidence, as disclosed by the bill of exceptions.

Let the judgment be affirmed.