# McLane *v.* McTighe.

*Action on Attachment Bond.*

1. *Wrongful suing out of attachment; non-existence of debt.*—An attachment is wrongfully sued out, if no debt in fact existed from the defendant to the plaintiff, without regard to the ground on which it was sued out; and the damages actually sustained may be recovered in an action on the bond.

2. *Assignment of breach in complaint; actual and exemplary damages; demurrer.*—In an action on an attachment bond, claiming exemplary damages, the complaint must negative the truth of the statutory ground on which it was sued out, and also, it may be, the existence of probable cause for believing that it was true; but these averments are not necessary, when the complaint seeks to recover only the actual damages, and alleges the non-existence of a debt; and though it also alleges that the attachment was sued out "wrongfully and vexatiously," the latter averment may be regarded as surplusage, and does not render the whole complaint demurrable.

APPEAL from the City Court of Selma.

Tried before the Hon. JONA. HARALSON.

Action on attachment bond, by J. H. McLane against J. H. McTighe and others, commenced April 16th, 1888. Demurrer sustained to complaint assigning breach, and judgment on demurrer assigned as error.

PETTUS & PETTUS, for appellant, cited *Durr v. Jackson*, 59 Ala. 206; *Lockhart v. Woods*, 38 Ala. 636; *Dothard v. Sheid*, 69 Ala. 137.

GASTON A. ROBBINS, *contra*, cited *City Nat. Bank v. Jeffries*, 73 Ala. 183; *Jackson v. Smith*, 75 Ala. 97; *Flournoy & Epping v. Lyon & Co.*, 70 Ala. 308; *Calhoun v. Hannan*, 87 Ala. 277; Drake on Attachments, § 170; *O'Grady v. Julian*, 34 Ala. 88; 1 Greenl. Ev. § 78.

CLOPTON, J.—The bond on which appellant sues, was made by appellees to procure the issue of an attachment, sued out by J. H. McTighe & Co. against his estate, for the sum of $2,046.78; and is conditioned that the plaintiffs in the attachment shall prosecute the same to effect, and pay the defendant therein all such damages as he may sustain by the wrongful or vexatious suing out of the attachment. The complaint, as originally framed, contained two assignments of breach. A demurrer thereto having been sustained, it was amended by striking out the first assignment. A demurrer interposed to the complaint as amended was also sustained. The assignments of error only relate to the ruling of the court on the last demurrer; the grounds being, first, that the complaint fails to aver that the writ of attachment was sued out without probable cause for believing the facts stated in the affidavit to be true; second, that it does not set forth the facts constituting the breach of the condition of the bond.

The rule stated in *Durr v. Jackson*, 59 Ala. 203, that in an action on an attachment bond, in order to show a sufficient breach, "it is necessary for the plaintiff to aver in his complaint the falsity of the particular fact or facts which may be stated in the affidavit as the ground of attachment," is not of universal application. Though one of the statutory grounds for attachment may exist, if there is no debt or demand, to enforce the collection of which the attachment is authorized, the condition of the bond is broken, and the

[McLane v. McTighe.]

obligee is entitled to recover in an action thereon such actual damages as he may have sustained.—*Lockhart v. Woods*, 38 Ala. 631; *Durr v. Jackson, supra*. In *City National Bank v. Jeffries*, 73 Ala. 183, it is said: "To justify an attachment, there must be a debt due, or to become due, and one of the enumerated statutory grounds for attachment must exist. If either of these be wanting in fact, no matter how sincerely the attaching creditor may believe it to exist, then the attachment is wrongful, but, without more, only wrongful. In such case, the measure of recovery, in a suit on the bond, is the actual injury sustained." The breach assigned here is, that the attachment was wrongfully and vexatiously sued out, and that the plaintiff in the present action was not, at the time it was sued out, indebted to the plaintiffs in attachment in the sum of $2,046.78, or any part thereof. This is a distinct averment that no debt was owed from the defendant to the plaintiff in attachment; and under the foregoing authorities, it shows a breach of the condition of the bond.

The demurrer, and the ruling of the court thereon, proceed on the theory, that the complaint, averring the attachment was wrongfully and vexatiously sued out, is a claim for exemplary damages, and is fatally defective in failing to assign a breach sufficient to authorize the recovery of such damages. It may be conceded that, under the decision in *City National Bank v. Jeffries, supra*, it is requisite, to render a complaint sufficient as a claim for exemplary damages, that it should aver, in addition to negativing the truth of the ground on which the attachment was obtained, that its issue was procured without probable cause for believing the alleged ground to be true. Under the statutes, there are in an action on an attachment bond two elements and measures of damages—actual, if only wrongfully; and exemplary, if also vexatiously sued out. The breach assigned is sufficient for the recovery of the former, though it may be insufficient for the recovery of the latter. The demurrer goes to the whole complaint. When a complaint contains good and bad breaches, a demurrer to the complaint is not the mode to reach the error; it should be specially directed to those breaches which are not well assigned.—*Hays v. Anderson*, 57 Ala. 374; *Flournoy v. Lyon & Co.*, 70 Ala. 308. We have seen that the breach as assigned is sufficient to warrant a recovery of the actual damages, and the complaint claims none other; it avers a good and sufficient cause of action, if

[Wilder v. Wilder.]

the words, *and vexatiously*, had been omitted. Without those words, the breach assigned is full and complete. Superadding them does not affect the sufficiency of the breach, nor subject the complaint to demurrer; they may be stricken out, or disregarded.—*Montg. Man. Co. v. Thomas*, 20 Ala. 473. The phrase, *and vexatiously*, being unnecessary, is surplusage, which the defendants may move to strike out, or protect themselves against vindictive damages by a charge limiting the recovery to the actual injuries.—*Bolling v. McKenzie*, at present term.

Reversed and remanded.