# Crofford *v.* Vassar.

*Action for Damages, on Attachment Bond.*

1. *Levy of attachment for rent on property not subject to writ* —The levy of an attachment for rent on property which is not subject to it, is an abuse of the process for which the sureties on the bond are not liable.

2. *Attorney's fees as damages.*—In an action on an attachment bond, attorney's fees for defending the attachment suit may be recovered as damages, if specially claimed; but an assignment claiming "special damages in the sum of one hundred dollars, in that by said attachment he was put to the expense of employing counsel to defend said attachment suit," is scarcely sufficient without a statement of some amount paid or incurred.

3. *Actual and exemplary damages.*—In an action on an attachment bond, actual damages may be recovered under a complaint which

[Crofford v. Vassar.]

negatives the existence of any statutory grounds for suing out the writ; but, to authorize a recovery of exemplary or vindictive damages, the existence of probable cause must also be negatived.

4. *Same; averments of breach.*—An averment in the complaint that "said attachment was wrongfully and vexatiously sued out, and so sued out without the existence of any of the 'statutory grounds for the issuance of such attachment;" or, that said attachment "was wrongfully, vexatiously and maliciously sued out, in that no statutory ground existed, either for the enforcement of any existing lien, or for the purpose of creating a lien,"—simply negatives the existence of any cause for suing out the writ.

5. *Relevancy of evidence as to actual damages and malice.*—Damages to the cotton levied on, by being allowed to remain too long in the field after the levy, may be proved and recovered as a part of the actual damages; and if exemplary damages are claimed, plaintiff may prove, as tending to show malice, the declaration of his landlord after some difficulty between them, several months before the writ was sued out, "that he intended to get everything that plaintiff made on the plantation that year for nothing."

APPEAL from the City Court of Anniston.
Tried before the Hon. B. F. CASSADY.

E. H. HANNA, for appellant.

MATTHEWS & WHITESIDE, *contra.*

STONE, C. J.—The present suit was for wrongfully and vexatiously suing out an attachment for rent.—Code of 1886, §§ 3060 *et seq.* The suit is on the attachment bond. We will first determine the pleadings and issues on which the suit was tried.

There was a demurrer to the original complaint, which was sustained to such extent that it appears to have been abandoned. An amended complaint was then filed, setting forth the substance of the attachment bond, and assigning breaches, some five in number. The fifth breach assigned was, and is, that the attachment was levied on cotton not grown on the rented premises. This assignment of breach was abandoned, and rightly so.—*City National Bank v. Jeffries,* 73 Ala. 183; *Jackson v. Smith,* 75 Ala. 97. The sureties on the attachment bond were not liable for such abuse of the process, if it were perpetrated. It was not within the purview of their bond.

The defendants demurred to the amended complaint, assigning six grounds of demurrer. The complaint was then amended a second time, and the court overruled the first four grounds of demurrer, and sustained the fifth. We need not consider the sixth ground, for the plaintiff, as we have seen, struck out the assignment of breach against which that was leveled.

[Crofford v. Vassar.]

The plaintiff sought to recover damages for attorney's fees incurred and expended in defending the attachment suit. The assignment of breach in reference to this claim is in the following language: "Plaintiff claims special damages in the sum of one hundred dollars, in that by the said attachment he was put to the expense of employing counsel to defend said attachment suit." This was demurred to, being the fourth ground of the demurrer to the amended complaint. The court overruled this ground of demurrer, and the claim therein set forth became one of the issues on the trial. It is nowhere denied in the amended complaint that Vassar owed the rent for which the attachment was sued out, nor is it any where shown that the attachment suit has been determined, or, if determined, what the determination was. Nor does the assignment of breach show or state any sum as paid or promised for defending the attachment suit. Assignment of breach No. 4 is scarcely sufficient. Possibly, it should have stated some amount incurred or promised as attorney's fee for defending the suit.—*Flournoy v. Lyon,* 70 Ala. 308.

Each of the assigned breaches 1 and 2 avers that none of the statutory grounds for attachment existed. This was a sufficient assignment of breach to authorize a recovery of actual damages. The demurrers to these assignments were rightly overruled.—*McLane v. McTighe,* 89 Ala. 411.

The averments of breach in the several assignments 1, 2, are as follows: 1. "Said attachment was wrongfully and vexatiously sued out, and so sued out without the existence of any of the statutory grounds for the issuance of such attachment." 2. "Said attachment was wrongfully, vexatiously and maliciously sued out, in that no statutory grounds existed either for the enforcement of any existing lien, or for the purpose of creating a lien." Now, each of these breaches, properly interpreted, simply negatives the existence of a cause for suing out an attachment.

In *Durr v. Jackson,* 59 Ala. 203, it is said an action like the present one, "so far as the nature and character of the evidence necessary to sustain it is to be considered, bears a closer resemblance to an action for malicious prosecution, than to any other action at common law." In *City National Bank v. Jeffries,* 73 Ala. 183, speaking of the different counts of the complaint in that case, we said, that "as claims of exemplary damages, they are further faulty in not averring that the attachment was sued out without probable cause for believing the alleged ground to be true."—*McLane v. McTighe,* 89 Ala. 411. The first and second assignments

[Jones v. Woodstock Iron Co.]

of breach, though sufficient for the recovery of actual damages, did not authorize the recovery of vindictive damages.

The third ground of demurrer ought to have been sustained.—*City National Bank v. Jeffries, supra.* It would seem, however, that this error was cured, by the act of plaintiff "in striking out claim for special damages on account of wrongful levy."

The witness Brownlee, against objection of defendants, was permitted to testify, "that in the spring, and before the crop was planted, he heard Crofford say, after some difficulty between Crofford and Vassar, that he intended to get every thing that Vassar made on the plantation that year for nothing." We think, under appropriate pleadings, this testimony would be competent on the inquiry of exemplary damages. We have shown, however, that the complaint does not claim such damages. The City Court erred in receiving this evidence.

There was no error in allowing proof that the cotton was damaged by being allowed to remain in the field. If true, that was actual damage resulting from the attachment and its levy.

Reversed and remanded.