# Schloss *et al.* v. Rovelsky.

*Action on Attachment Bond.*

1. *Recovery of exemplary damages in suit on attachment bond.*—To

authorize a recovery of exemplary damages in a suit upon an attachment bond the complaint must show not only that the attachment was sued out without the existence of the statutory grounds for the issuance of the attachment, but must, further, aver that the attachment was sued out without probable cause for believing the alleged ground to be true.

2. *Same; charge of court as to measure of recovery.*—A charge that "If the jury believe from the evidence that no statutory ground existed for attaching, and that defendant did not reasonably believe that one did exist, when the attachment was sued out, then they will find for the plaintiff for such an amount as to them shall seem proper, not exceeding the amount sued for," given at the request of the plaintiff, is erroneous, where the complaint fails to aver that the attachment was sued out without probable cause for believing the alleged ground to be true.

3. *Wife's offer to pledge her property to secure bail for her husband no ground for attachment against her.*—The mere fact that a wife offered to pledge her property to secure bail for her husband is no ground for an attachment against her, in the absence of fraudulent intent.

APPEAL from the Circuit Court of Dale.

Tried before the Hon. J. M. CARMICHAEL.

Action by D. Rovelsky against H. Schloss and others on an attachment bond.

The bond was conditioned as follows: "Now, if the said Schloss & Huddleston shall prosecute their said attachment to effect, and pay the defendant all such damages as she may sustain by the wrongful or vexatious suing out of said attachment, then the above obligation to be void, otherwise to remain in full force and effect." The complaint, as originally filed, then proceeds: "And plaintiff says the condition of said bond has been broken by the defendant in this: (1) Because the affidavit made to procure the issuance of said attachment alleges that plaintiff, 'Dora Revelsky, is about frauduently to dispose of her goods,' which averment in said affidavit is and was untrue and false; (2) because said attachment was wrongfully sued out; (3) because said attachment was vexatiously sued out; (4) because said attachment was maliciously sued out; (5) because plaintiff had to employ counsel to defend her in said attachment suit; (6) because plaintiff was at an expense by payment of hotel bills to defend said cause, and (7) because plaintiff was doing a large and lucrative business in Ozark, Ala., and said attachment was wrongfully levied on her whole stock of goods, amounting to several thousand dol-

lars, and her store house was closed by the sheriff, and she was so kept out of her business for a long period of time, whereby she was damaged two hundred dollars,— all of which amounts defendants have failed and refused to pay." Subsequently, the plaintiff amended her complaint by filing another count, in which she claimed damages for destruction of her business and loss of credit, and the expense to which she had been put to defend the attachment suit. Issue was joined on the pleas to the complaint, and upon the trial of the case, as is shown by the bill of exceptions, the plaintiff introduced evidence tending to show that at the time of the levy of the attachment at the suit of Schloss & Huddleston she was doing a large and lucrative business in the town of Ozark, Ala.; and that, after the levy of the attachment and the replevy of the goods by her, she sold out her stock of goods, and ceased to do business. The defendant introduced evidence tending to show that, prior to the suing out of the attachment by them against the plaintiff. her husband, Max Rovelsky, was placed in jail on a charge of arson in the first degree; and that the plaintiff, defendant in attachment, repeatedly offered to sell or turn over her entire stock of goods and all of her property to any one who would make bond for her husband, in order that he might be released from imprisonment. The plaintiff, as a witness in her own behalf, testified, in reference to this matter, "that at the time Max Rovelsky was in jail she offered to make bond for him, but did not offer to sell and convey all her property to any one to make bond for said Max Rovelsky." At the request of the plaintiff, the court gave to the jury the following written charges : (1) "D. Rovelsky had a right to offer to pledge her property for the purpose of making bail, or for any other purpose ; and the fact that she did offer to do so gave the defendants no right to attach, unless the offer to pledge the goods was made with the fraudulent intention to hinder, delay, or defraud creditors." (2) "If the jury believe from the evidence that no statutory ground existed for attaching, and that defendant, did not reasonably believe that one did exist, when the attachment was sued out, then they will find for the plaintiff for such an amount as to them shall seem proper, not exceeding the amount sued for." The defendants separately excepted to the giving

of each of the charges. Defendants assign as error the giving of the two charges requested by the plaintiff.

H. L. MARTIN for the appellants.

BORDERS & CARMICHAEL and H. H. BLACKMAN for the appellee.

COLEMAN, J.—This was an action by appellee upon an attachment bond. We have held that to authorize a recovery for exemplary damages, in a suit upon an attachment bond, the complaint must show not only that the attachment was sued out without the existence of the statutory grounds for the issuance of the attachment, but must further aver that the attachment was sued out without probable cause for believing the alleged ground to be true.—*Crafford v. Vassar*, 95 Ala. 548; *McLane v. McTighe*, 89 Ala. 411, 413; *City Nat. Bank v. Jeffries*, 73 Ala. 183. The complaint in the present action contains no such averment, and consequently the plaintiff was not authorized to recover more than actual damage.

The second charge requested by the plaintiff, and given by the court, authorized the jury to return a verdict for the plaintiff for exemplary damages. Under the pleadings in this cause, only actual damages were recoverable. The court erred in giving this instruction.

Section 2999 of the Code without material change has existed at least since the adoption of the Code of 1852. Since that time pleadings framed to recover damages on attachment bonds have been frequently a matter of judicial construction. Wherever the question has been directly involved we have always held, that in order to recover exemplary damages, it was necessary to aver "that the attachment was sued out without the existence of probable cause for believing the alleged ground to be true. This was distinctly declared in the well considered case of *Bank v. Jeffries, supra*. We are not prepared to hold as stated in this charge, as matter of law, "that if no statutory ground existed for the attachment, and that defendant did not reasonably believe that one did exist," that plaintiff was entitled to recover punitive damages. These facts are evidence to be considered by the jury, and it is for the jury to say from these facts and all the evidence whether the attachment was maliciously sued out.

[Anniston Transfer Co. v. Gurley.]

As to the first charge given for the plaintiff, it may not be true as a universal proposition that the wife has a right to pledge her property for any and every purpose (Code, § 2349). We are satisfied the offer to do so, or even the pledge when it could be done, would not furnish cause of attachment when there was no fraudulent intent. There was no error in giving this charge.

Reversed and remanded.