(78 South. 806)
BELL et al. v. SEALS PIANO & ORGAN CO. (3 Div. 341.)

(Supreme Court of Alabama. Feb. 14, 1918. Rehearing Denied April 25, 1918.)

1. APPEAL AND ERROR ☞1047(3)—HARMLESS ERROR—STRIKING OUT EVIDENCE.
    Where witness testified that "we had been telling everybody for months we were moving," it was not reversible error that the court did not use emphasis in excluding the statement "it was publicly known," immediately following.

2. EVIDENCE ☞471(35) — CONCLUSIONS — DAMAGE TO CREDIT.
    Credit being a conclusion of fact, partly based on opinion founded more or less on reputation and partly on personal observation and knowledge of the collective fact, a witness having knowledge of the collective fact may testify to the inferential fact of damage to credit, but not to its extent; the extent of the damage being arrived at only by a consideration of all the facts and circumstances having the effect to damage such credit.

3. ATTACHMENT ☞357—WRONGFUL ATTACHMENT—LOSS OF CREDIT.
    It is a legitimate ground for the recovery of actual damages for wrongful attachment that there has been an injury to one's credit.

4. EVIDENCE ☞495 — OPINION EVIDENCE — DAMAGE TO CREDIT.
    In action for damages to credit from wrongful attachment, where witness testified that the business of the defendant in attachment was conducted largely on credit, and in the course thereof the company guaranteed musical instruments sold, and that it was a benefit that such vendor should have the reputation of being willing and able to stand back of its guaranties, he was properly permitted to give an opinion that the business had been damaged.

5. ATTACHMENT ☞379—WRONGFUL ATTACHMENT—DAMAGE—QUESTION FOR JURY.
    Whether a party was damaged by a wrongful attachment, held, under the evidence, for the jury.

6. MALICIOUS PROSECUTION ☞68—WRONGFUL ATTACHMENT — VINDICTIVE DAMAGES — GROUNDS THEREFOR.
    That no legal ground existed for suing out an attachment, that no amount was then due, that plaintiff was not about to fraudulently dispose of its goods, that it was wrongfully and maliciously sued out and without probable cause therefor, were sufficient grounds whereon to base an assessment of vindictive damages.

7. MALICIOUS PROSECUTION ☞25(2)—PROBABLE CAUSE—ADVICE OF ATTORNEY.
    One causing an attachment to issue, under the advice of able and experienced counsel, after a full and frank disclosure of facts, cannot be held to have done so without probable cause.

8. MALICIOUS PROSECUTION ☞68 — EXEMPLARY DAMAGES — MALICE — PROBABLE CAUSE.
    In action for damages for wrongful attachment, neither want of probable cause, nor wan-

tonness or malice alone, will justify exemplary damages.

Appeal from Circuit Court, Montgomery County; Gaston Gunter, Judge.

Action by the Seals Piano & Organ Company against N. J. Bell, as trustee, and others for damages for wrongfully suing out an attachment. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

The facts sufficiently appear. The following are the charges referred to as refused to defendant:

(2) If the jury believe the evidence in this case, you can only return a verdict for plaintiff for the amount paid by them for attorney's fees, court costs, and premium on bonds, with interest on the same.

(3) If you believe the evidence in this case, you cannot assess as actual damages for the loss of credit anything more than nominal damages.

(4) Under the evidence in this case, you cannot find any actual damages on account of loss of credit.

(5) Unless you believe from the evidence that the attachment was maliciously sued out, you can find no damages for loss of credit.

(1) If the jury believe the evidence in this case, you cannot assess vindictive damages against defendant.

Rushton, Williams & Crenshaw, of Montgomery, for appellants. Tilley & Elmore and W. A. Gunter, all of Montgomery, for appellee.

THOMAS, J. The suit was for the wrongful and malicious suing out of an attachment. For former discussion of some of the questions involved see Seals Piano & Organ Co. v. Bell, 196 Ala. 290, 71 South. 340. There are several assignments of error predicated on the rulings of the trial court on the introduction of evidence

[1] The witness George E. Warrick was asked, over defendants' due exception, "Was that a brand new thing * * * as regards your moving?" and answered, "We had been telling everybody for months we were moving—it was publicly known." For an understanding of this exception, it is necessary to note that the testimony of the witness examined immediately preceding was to the effect that the sheriff had levied an attachment on the stock of goods remaining in plaintiff's store in the ground floor on a corner where a number of persons passed daily, and that the fact that the store was locked up was apparent to any one passing. Immediately before plaintiff's counsel suggested to the court that the words "it was publicly known," objected to by defendants, be excluded, evidence was offered by plaintiff showing that it had advertised on three different occasions its intention to close its business and the offer of its goods at a sacrifice for quick disposal; and the court thereafter replied, "All right." The context shows that the witness' reply, to which the objection and exception were directed, was a mere repetition of his immediately preceding statement, "We had

been telling everybody for months we were moving." In the light of such evidence, we would not reverse the case because the court was not more emphatic in excluding the expression from the jury.

[2] Credit is a conclusion of fact, partly based on opinion founded more or less on reputation (Alabama State Land Co. v. Reed, 99 Ala. 19, 23, 10 South. 238), and partly based on personal observation and knowledge as to such collective fact (A. G. S. R. R. Co. v. Yarbrough, 83 Ala. 238, 242, 3 South. 447, 3 Am. St. Rep. 715). A witness having knowledge of the collective fact of credit may testify to the inferential fact of damage thereto, but not to the extent of the damage; this can be arrived at only by a consideration of all the facts and circumstances having the effect to damage such credit. Trammell v. Ramage, 97 Ala. 666, 11 South. 916.

[3] It is a legitimate ground for the recovery of actual damages that there has been an injury to one's credit. Donnell v. Jones, 13 Ala. 490, 48 Am. Dec. 59; Goldsmith v. Picard, 27 Ala. 142; Durr v. Jackson, 59 Ala. 203, 209; Flournoy v. Lyon, 70 Ala. 308. It has been held that "loss of credit and business are the natural consequences of suing out an attachment against a merchant on account of fraud, and may be averred in the complaint." Marx Bros. v. Leinkauff, 93 Ala. 453, 9 South. 818; Flournoy v. Lyon, supra; Hundley v. Chadick, 109 Ala. 575, 580, 19 South. 845.

[4, 5] The evidence elicited from S. H. Warrick, secretary and treasurer of defendant in attachment, was competent to show the fact of damage to such defendant's (this plaintiff's) credit, caused by the wrongful suing out of such attachment, together with the extent of the damage. The witness had given the facts on which his opinion of such damages was based, which were, among other things, that plaintiff's business was conducted largely on credit, and that in the course thereof the company guaranteed instruments sold, and that it was a benefit that such vendor should have "the reputation of being willing and able to stand back of its guaranties," and that anything which worked against its "reputation or credit" hurt and had a tendency to reduce its business. On this phase of the case a jury question was presented. What we have said renders unnecessary a discussion of the other objections and exceptions reserved on the introduction of evidence. There was no error in refusing defendants' written charges Nos. 2, 3, 4, and 5, for the reasons stated.

[6] As to the assessment of vindictive damages under count C as last amended, it will be noted that said count not only negatived the sworn ground upon which the attachment was issued, but averred that the attachment was wrongfully and maliciously sued out, and without probable cause therefor. Painter v. Munn, 117 Ala. 322, 334,

23 South. 83, 67 Am. St. Rep. 170; Hamilton v. Maxwell, 119 Ala. 23, 26, 24 South. 769; Schloss v. Rovelsky, 107 Ala. 596, 18 South. 71; McLane v. McTighe, 89 Ala. 411, 413, 8 South. 70; Crofford v. Vassar, 95 Ala. 548, 550, 10 South. 350; Bank v. Jeffries, 73 Ala. 183. In part the count reads as follows:

"That no legal ground for the suing out of said attachment existed; that at the time of the issuance of said attachment an installment of rent for said stores was not due, and said tenant had not failed or refused on demand to pay for such installment; that at the time of the issuance of said attachment said Seals Piano & Organ Company was not about fraudulently to dispose of its goods. And plaintiff avers that said attachment was wrongfully and maliciously sued out and without probable cause therefor and that by reason of said wrongful and malicious suing out of said attachment plaintiff herein suffered damages and costs which have not been paid."

This allegation was a sufficient basis whereon to ground an assessment of vindictive damages, provided it was supported by the evidence. The evidence showed that on the 8th day of January, 1910, defendant in attachment leased from defendants in this suit two stores, in the city of Montgomery, to be used for the conduct of its business as a dealer in pianos and other musical instruments; that said lease extended from the 1st day of January, 1910, to the 30th day of September, 1914, upon a monthly rental of $150, payable on the last day of each month; that when Mr. Bell came to his office on the morning the attachment issued some one told him plaintiff was moving out of its place of business, and finding the tenant so moving therefrom, he went to the office of his attorneys, explained the situation to them, and made the affidavit for attachment, together with a bond for the issuance thereof, for the past-due rent, which papers were sent to the clerk's office by a messenger from the attorneys' office, with direction that they be filed in court. The evidence further shows, without conflict, that while Bell was yet in the office of his attorneys, and engaged in conversation with a junior member of the firm of counsel in the matter of the attachment for the past-due rents, the senior member of said firm of attorneys came in and, on being fully and fairly acquainted with what had happened as to the removal of the tenant, with the attachment for past-due rents, and with the existence of the continuing lease for 18 months with rentals to accrue thereon, thereupon advised the issuance of the second attachment—that for said future maturing rents during "the life of the lease"—and that the second attachment thereupon issued.

In a suit for damages resulting from an illegal attachment, the Louisiana court pertinently observed:

"We are satisfied that the defendants instituted this attachment proceeding in the honest pursuit of what they deemed their legal rights. In taking this step it is shown that they acted under the advice of experienced and able counsel, and that during the litigation two judgments were rendered in their favor, though subsequently reversed, is the best evidence of their good faith, and a complete vindication from the charge that the suit was wantonly instituted and prompted by malice." Frank & Co. v. Chaffe & Sons, 34 La. Ann. 1203, 1205.

The reported history of the Louisiana case finds a striking parallel in the course of the instant case. Seals Piano & Organ Co. v. Bell, 196 Ala. 290, 71 South. 340.

[7, 8] The effect of our decisions is that to authorize a verdict for exemplary damages for the wrongful suing out of an attachment, where the action is founded on the attachment bond, there must be an absence of probable cause for believing the averments on which the attachment is rested to be true, and there must be malice in the suing out of the writ. "Neither want of probable cause, nor wantonness or malice alone, will justify a verdict for exemplary damages." Hamilton v. Maxwell, 119 Ala. 23, 24 South. 769; Painter v. Munn, 117 Ala. 322, 23 South. 83, 67 Am. St. Rep. 170; Schloss v. Rovelsky, 107 Ala. 596, 18 South. 71; Flournoy v. Lyon, 70 Ala. 308, 314; McLane v. McTighe, supra; Jackson v. Smith, 75 Ala. 97; City National Bank v. Jeffries, 73 Ala. 183; Floyd v. Hamilton, 33 Ala. 235; Melton v. Troutman, 15 Ala. 535; Sharpe v. Hunter, 16 Ala. 765, 767; Dickson v. Bachelder, 21 Ala. 699; Donnell v. Jones, 13 Ala. 490, 48 Am. Dec. 59; McCullough v. Walton, 11 Ala. 492; Alexander v. Hutchison, 9 Ala. 825; Kirksey v. Jones, 7 Ala. 622; Horn v. Nichols, 1 Salk. 289.

Of exemplary damages, this court has declared that they are not recoverable of a plaintiff in attachment, if he acted in good faith in procuring the attachment, and upon the advice of competent counsel after a full, frank, and honest disclosure of the facts to such counsel. City National Bank v. Jeffries, supra; Jackson v. Smith, supra; Baldwin v. Walker, 91 Ala. 428, 431, 8 South. 364; Painter v. Munn, supra. Under this rule, and in the light of the uncontroverted evidence before us, we cannot hold that when Bell made the second affidavit and the bond for attachment, he did so, without probable cause, and with malice, acting, as he did, under the advice of able and experienced counsel, after a full and frank disclosure of the facts. Durr v. Jackson, supra; Kirksey v. Jones, supra; Long v. Rodgers, 19 Ala. 321; Crofford v. Vassar, 95 Ala. 548, 10 South. 350; Alsop v. Lidden, 130 Ala. 548, 30 South. 401.

On first impression, this court held that probable cause existed for the issuance of the attachment in question, but on rehearing reversed that decision; a fact to be considered touching the good faith of the plaintiff in suing out the attachment under the circumstances we have recounted. Though

plaintiff piano company's agent did tell Bell, or Bell's agent, that plaintiff desired to close, or was going to close, its business in Montgomery and remove its stock to another city, this statement, with the evidence that is not in dispute, would not present a conflict in evidence on the question of probable cause and malice in the suing out of the attachment. While such questions of fact are ordinarily for the jury, yet the question in the instant case is one of law, on the undisputed facts contained in the record, to which we have adverted. The reason assigned in the decision from the Louisiana court has application here, and is in accord with the law and justice of the case at bar.

The trial court was in error in submitting to the jury the recoverability of vindictive damages, and in refusing to give written charge No. 1 requested by the defendants. The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.