## HARRIS v. WHITE. (7 Div. 506.)

(Supreme Court of Alabama. Oct. 23, 1924.)

**1. Judgment ⊂⇒256(5)—Judgment against one defendant, where verdict against all, was contrary to verdict.**

In action on attachment bond signed by defendant and his two codefendants, where verdict was against all defendants judgment against defendant only was contrary to verdict.

**2. Appeal and error ⊂⇒880(3)—One sued on attachment bond held not entitled to complain judgment was rendered only against him and not against his codefendant sureties.**

One sued on attachment bond held not entitled to complain judgment was rendered only against him and not against his codefendant sureties on bond, notwithstanding verdict was against all defendants.

**3. Attachment ⊂⇒352 — In action on attachment bond, requested charge as to ill will held improperly refused.**

In action on attachment bond, requested charge that, even if attachment against plaintiff's crop was sued out vexatiously and maliciously, plaintiff could not recover unless writ was wrongfully sued out, that is, without existence of any facts authorizing a resort to attachment, held improperly refused.

**4. Attachment ⊂⇒345, 352—In action on attachment bond, defense not limited to proof of particular facts stated in affidavit for attachment, and instruction to that effect required.**

In action on attachment bond, defense is not limited to proof of particular facts stated in affidavit for attachment, but may rest on any of the authorized grounds for the issue of an attachment, and refusal to give instructions to that effect was error.

**5. Attachment ⊂⇒352—In action on attachment bond, requested charge held properly refused as not being limited to recovery of vindictive damages.**

In action on attachment bond, requested charge that, if defendant obtained attachment only after making a full, fair, and complete statement of facts to a reputable practicing attorney, and acted on his advice, verdict must be for defendant, held properly refused as not being limited to recovery of vindictive damages.

**6. Appeal and error ⊂⇒230, 500(3), 501(3)— Defendant held not entitled to complain of admission of testimony relative to legal expenses incurred in defending attachment suit.**

In action on attachment bond, where plaintiff testified he was put to expense in defending attachment suit, paid his attorney $25, and that his expenses all told were $50, held that, where defendant objected to such testimony after it was given, he could not assign error on its admission on ground it was not shown sum paid to counsel was reasonable for services rendered, in absence of showing objection could have been interposed before answer, or that motion to exclude was overruled, to which due exception was reserved.

**7. Attachment ⊂⇒350—That defendant landlord consented to plaintiff tenant's use of certain corn held admissible in tenant's action on attachment bond.**

In action on attachment bond given to secure corn crop of plaintiff as defendant's tenant, there was no error in allowing plaintiff to testify as to defendant's consent for the tenants to use the roasting ears.

**8. Attachment ⊂⇒350—Defense in action on attachment bond held entitled to show attachment was not based on matters to which plaintiff testified.**

In action on attachment bond given to secure plaintiff's corn crop, which was attached, where plaintiff testified that defendant, as landlord, consented for the tenants to use the "roasting ears," defendant should have been permitted to state he did not ground his attachment on such fact, nor make such defense.

**9. Attachment ⊂⇒350—In action on attachment bond, testimony showing relation of parties held admissible.**

In action on attachment bond given to secure corn crop of plaintiff attached by defendant as his landlord, certain testimony held properly received as tending to show relation of parties.

**10. Attachment ⊂⇒350—In action on attachment bond, testimony of payments made after issuance of attachment held improperly received.**

In action on attachment bond, testimony of payments made by plaintiff after issuance of attachment held improperly received.

**11. Attachment ⊂⇒350—In action on attachment bond, evidence of difficulty on day of issuance of writ held properly received as showing bona fides or animus in procuring writ.**

In action on attachment bond, evidence of difficulty on day of issuance of writ, between plaintiff and defendant, held properly received as showing bona fides or animus of defendant in procuring writ.

─────────────────────

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Cleburne County; A. P. Agee, Judge.

Action by J. C. White against W. S. Harris and others for breach of an attachment bond. Judgment for plaintiff, and defendant W. S. Harris appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Reversed and remanded.

These charges were refused to the defendants:

"C. I charge you, gentlemen of the jury, that even if the attachment against plaintiff's crop was sued out vexatiously and maliciously, plaintiff cannot recover in this action unless it was also wrongfully sued out; that is, unless it was sued out without the existence of any of the facts which authorize a resort to this process.

"D. I charge you, gentlemen of the jury, that if you believe from the evidence that any statutory ground existed for the issuance of this attachment at the time it was issued, then you must find for defendants."

"G. The court charges the jury that if plaintiff disposed of any corn grown by him as tenant on the premises of defendant W. S. Harris during the year 1922, and prior to the issuance of the attachment, without the consent of said Harris, then your verdict will be for defendants."

"Y. The court charges the jury that if you believe from the evidence that Mr. Harris obtained the attachment only after making a full, fair, and complete statement of the facts in the case to reputable practicing attorney and acted on the advice of such attorney, then your verdict will be for defendant."

Merrill & Jones, of Heflin, for appellant.

It is reversible error to render final judgment against a part of the defendants without disposing of the case as to the others. 23 Cyc. 803; Palk v. Edge, 42 Ala. 631. An action cannot be maintained on the bond, unless the attachment was wrongfully sued out. Calhoun v. Hannan & Michael, 87 Ala. 277, 6 So. 291; City Nat. Bank v. Jeffries, 73 Ala. 183; Jackson v. Smith, 75 Ala. 97; 6 Mayfield's Dig. 54. The existence of any statutory ground for attachment is a good defense to an action on the bond. Baxley v. Segrest, 85 Ala. 183, 4 So. 865; Painter v. Munn, 117 Ala. 322, 23 So. 83, 67 Am. St. Rep. 170; Lockhart v. Woods, 38 Ala. 631.

Hugh Walker, of Anniston, for appellee.

Judgment might be had against one or more of the defendants. Code 1907, §§ 2503, 2504.

THOMAS, J. The suit was upon an attachment bond signed by several obligors.

The judgment entry recites that there was a jury duly sworn and impaneled, and that—

"Upon their oaths do say, after hearing the evidence in the case, we, the jury, find the issue in favor of the plaintiff, J. C. White, and assess his damage at $75.00. C. T. Kitchens, Foreman."

The complaint was against W. S. Harris, E. N. McGriff, and A. O. Harris, each of whom, by attorney, for plea, and answer said: "They deny the allegations of plaintiff's complaint." Under such pleadings and issues, and the verdict of the jury thereon, the following judgment was entered:

"And that the issue is in favor of the plaintiff, J. C. White, on the verdict of the jury, the court considered, ordered, and adjudged that the plaintiff have and recover of the defendant, W. S. Harris, judgment for $75, and against which judgment no exemption is allowed as to personal property."

[1, 2] The defendant W. S. Harris took an appeal, and one of his assignments of error is that—

"The court erred in rendering judgment against defendant, W. S. Harris, only when suit was against W. S. Harris, E. N. McGriff, and A. O. Harris."

It is error, under a verdict against all of the defendants, to render judgment against only one of them, and as to one who can assign the same is reversible error. There should be judgment disposing of the case as to the other defendants under their respective pleadings and issues presented and verdict rendered, unless it be set aside. Tennessee Valley Bank v. Valley View Farm, 210 Ala. 123, 97 So. 62. That is to say, a judgment must be declared and determined by the formal entry of record. Lewis v. Martin, 210 Ala. 401, 98 So. 635. The instant judgment was contrary to the verdict rendered by the jury. The plaintiff in the attachment suit cannot complain of the fact that the judgment was not rendered against his sureties on the attachment bond.

[3] It has been held that, though an attachment may have been sued out maliciously and vexatiously, an action cannot be maintained on the bond unless it is wrongfully sued out—"without the existence of any one of the facts which authorized a resort to the process." Calhoun v. Hannan, 87 Ala. 277, 6 So. 291. Such is the result, since there must be an unlawful act before the good or bad faith with which the act was done becomes material. Jackson v. Smith, 75 Ala. 97. It is further decided that to maintain an action under the statute for maliciously suing out an attachment, ill will, or vindictiveness need not be proved—"only the want of probable cause, coupled with the unlawful act of suing out the writ." Bradford v. Lawrence, 208 Ala. 248, 94 So. 103; Bell v. Seals Piano & Organ Co., 201 Ala. 428, 78 So. 806.

Considering the assignments of error as presented, we are of opinion that charge C should have been given.

[4] Though the stated ground of attachment was not that defendant in attachment had removed or consumed a part of the corn grown on the rented premises, yet defendant in the instant suit on the attachment bond

was denied the right to testify that he did not defend on such ground. In this state of the evidence charge G should have been given. The same applies to requested charge D As early as Kirksey v. Jones, 7 Ala. 622, and Lockhart v. Woods, 38 Ala. 631, it was held that in an action on an attachment bond, the defense is not limited to proof of the particular facts stated in the affidavit for the attachment, and may be rested on any of the authorized grounds for the issue of an attachment—on absence of probable cause. This rule is followed by this court. Bell v. Seals Piano & Organ Co., 201 Ala. 428, 78 So. 806; Baxley v. Segrest, 85 Ala. 183, 4 So. 865; Brown v. Master, 104 Ala. 451, 16 So. 443; Painter v. Munn, 117 Ala. 322, 334, 23 So. 83, 67 Am. St. Rep. 170. The charge should have been given.

[5] Charge Y requested by defendant, was properly refused, since it was not limited, as it should have been, to the recovery of vindictive damages. Bell v. Seals Piano & Organ Co., supra.

[6] The objection, after answer, that plaintiff was "put to expense in defending the attachment suit," "paid" his "attorney $25," and that his expenses "all told" were $50, came too late. It was not shown that the objection to the evidence could not have been duly interposed before answer; nor was a motion to exclude overruled, and to which action due exception was reserved. The fact that it was not shown that the sum paid counsel was reasonable for the services rendered (authorities, Code 1923, § 6214) is unavailing to appellant by reason of the foregoing condition of the record.

[7, 8] There was no error in allowing the plaintiff to testify as to the landlord's consent, or implied consent, for the tenants to use the "roasting ears." For this reason defendant should have been permitted to testify that he did not ground his attachment on such fact—made no such defense to the suit on the attachment bond.

[9, 10] The witness Adams, having testified to conversations with defendant Harris and White as to the removal and sale of the bale of cotton and of the disposition of its proceeds, was asked by plaintiff, "Did Mr. Harris tell you anything about the attachment in the justice court?" and answered, in substance, that he said he had the bale of plaintiff's cotton attached, and that White said he took the bale of cotton off. In this there was no error. It tended to show the relation of the parties. So, also, the testimony of L. M. Parker would have shed light upon the state of the account between the parties on September 29, 1922, when the attachment was sued out in the circuit court, or the disposition of the proceeds of the sale of the bale of cotton attached in justice court in reduction of the account for rent or advances —had the same been paid before the issue of

process in the circuit court. Such was not the fact. The witness testified that the payment was made about sundown or a little after on the 29th, and defendant informed the court, in his objection to such evidence, that the matter inquired about transpired after the issue of attachment in the circuit court—the suit on which the bond was given and on which this suit is based. In declining to exclude this evidence there was error.

For like reason, there was error in overruling defendant's objection to the introduction in evidence of White's notes to Harris —for, respectively, the amounts of $54, due August 10, 1922, and $13, due May 1, 1922— marked paid by L. M. Parker.

Plaintiff having introduced evidence tending to show that defendant had consented to the removal of corn from the rented premises, defendant was properly required to answer the question, "You didn't sue out an attachment because he had moved the corn?" Gibson v. Gaines, 198 Ala. 583, 73 So. 929. Defendant had the right to defend on any legal ground authorizing the issue of the attachment, and had the right to waive any ground.

[11] There was no error in allowing plaintiff's counsel to ask the defendant Harris if he "didn't have a difficulty with Jess White on the same day and before" he "sued out this attachment." It tended to shed light on the bona fides or animus of Harris in procuring the issuance of the writ in question on September 29, 1922.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.