[Trammell, et al. v. Ramage.]

# Trammell, *et al. v.* Ramage.

### *Action on Attachment Bond.*

1. *Conclusion of witness inadmissible.*—The extent of damage done to credit by attachment proceedings is an inferential fact to be arrived at by weighing all the facts and circumstances, and it is error to permit a witness to testify that the levy of an attachment damaged his credit one hundred and fifty dollars.

2. *Counsel fees as damages.*—Where the defendant in an attachment suit to recover a debt, the amount of which is not disputed, employs no counsel until after judgment by default against him, and then only to make an unsuccessful motion for a new trial, he can not recover such counsel fees in an action on the attachment bond.

3. *Advice of counsel as protection against exemplary damages.*—In an action on an attachment bond, a charge requested, asserting that if the defendant stated all the facts to his attorney before procuring the issuance of the attachment, then no exemplary damages could be assessed, is erroneous in omitting the element of diligence in ascertaining all the material facts as to the grounds of the attachment and good faith in following the advice of counsel.

APPEAL from Chambers Circuit Court.

Tried before Hon. J. R. DOWDELL.

This was an action by James B. Ramage against W. O. Trammell and the sureties on a bond given to obtain the issuance of an attachment on the ground that Ramage was about to fraudulently dispose of his property. There was no dispute about the amount of the claim on which the attachment was based. Ramage employed no counsel to defend the attachment suit, but after judgment by default therein, he employed attorneys, who made an unsuccessful attempt to set aside the judgment, and paid these attorneys fifteen dollars for their services. In answer to the question, "What effect did the levy of said attachment have on your credit?" plaintiff testified: "It damaged my credit one hundred and fifty dollars." The question and answer were objected to, and exceptions taken to the action of the court overruling the objections.

The defendant excepted to the refusal of the court to give the following charge: 7. "If the jury find from the evidence that in suing out the attachment, Trammell stated all the facts to his attorney, or his attorney was acquainted with all the facts, and that Trammell acted under the advice of his attorney in suing out said attachment, then they can not assess exemplary damages."

[Trammell, et al. v. Ramage.]

J. M. & E. M. OLIVER, for appellants, insisted that a witness could not value credit in dollars and cents, citing *Marx v. Strauss,* 93 Ala. 453; *Pollock v. Gantt,* 69 Ala. 378.

SAMFORD & THOMAS, for appellee. No brief came to hands of Reporter.

STONE, C. J.—Suit for wrongfully and vexatiously suing out an attachment.

Plaintiff was permitted to prove by his own testimony that the levy of an attachment had damaged his credit to the amount of one hundred and fifty dollars. This was objected to, the objection overruled, and defendant excepted. In this ruling the Circuit Court erred. Extent of damage to credit is an inferential fact, which can be arrived at only by an examination—a weighing of all the facts and circumstances, and can not be the subject of direct proof.—*Pollock v. Gantt,* 69 Ala. 378; *Marx v. Leinkauff,* 93 Ala. 453; *McCormick v. Joseph,* 77 Ala. 236; *Minniece v. Jeter,* 65 Ala. 222.

As we understand the facts of this case, Ramage did not dispute the amount of the claim for which he was sued, and for which judgment was recovered against him. In fact, he does not appear to have had the services of an attorney until after judgment was recovered in the attachment suit. He should not have been allowed to recover in this action for such services.—*Baldwin v. Walker,* 10 So. Rep. 391; 94 Ala. 514.

Defendant requested the court to charge the jury that if they found from the evidence that in suing out the attachment, Trammell stated all the facts to his attorney, or his attorney was acquainted with all the facts, and Trammell acted under the advice of his attorney in suing out said attachment, then they could not assess exemplary damages. This charge was refused, and an exception reserved.

In *Baldwin v. Walker, supra,* a charge very like the present one was commented on. We said it was "defective, in pretermitting all inquiry as to whether the agent was diligent in ascertaining the truth of the facts laid before counsel, and as to his good faith in acting on the advice when given." In ths case the charge pretermits all inquiry as to the defendant's good faith in the action he took, not to mention other possible defects. This charge was rightly refused. *Steed v. Knowles,* 79 Ala. 446.

Reversed and remanded.