# Painter *et al.* v. Munn *et. al.*

## *Action on an Attachment Bond.*

1. *Action on an attachment bond; assignment of breach in complaint; when actual damages claimed.*—In an action on an attachment bond, to recover damages for the breach thereof by the wrongful suing out of the attachment, the defendant is not confined in his defense to the existence of the particular ground of attachment averred in the affidavit, but may show the existence of any statutory ground ; and, therefore, when only actual damages are sought, and the fact of indebtedness is not denied, the complaint should, in some form, negative the existence of any statutory ground for the suing out of the attachment, and failing in this, is subject to demurrer.

2. *Same ; same ; when exemplary damages claimed.*—When, in an action on an attachment bond, exemplary damages are claimed, the complaint, in addition to averring that the attachment was wrongfully sued out, must negative the sworn ground on which the attachment was issued, and aver that it was sued out without probable cause for believing the sworn ground to be true.

3. *Same ; same ; case at bar.*—In an action on an attachment bond, where the only breach assigned is contained in the averment in the complaint that the attachment was wrongfully sued out "because the said plaintiffs were not about fraudulently to dispose of their property as alleged in the affidavit in said attachment suit," such averment only alleges the non-existence of the particular ground upon which the parties sued, and does not show a breach of the bond ; and, therefore, the complaint is subject to a demurrer, in that it fails to aver that no ground existed for the suing out of the attachment.

4. *Same ; sale of property by defendant in attachment can be pleaded in mitigation of damages.*—When property seized under a writ of at-

[Painter et al. v. Munn et al.]

tachment is replevied by the defendant, who afterwards sells it, and with the proceeds pays the debt, to enforce which the attachment was sued out, these facts may be pleaded in mitigation of damages in an action brought to recover damages for the breach of the attachment bond.

5. *Same; pleading and practice; how objection to claim of damages not recoverable should be raised* —In an action on an attachment bond, where there is claim for damages which the complaint itself shows are not recoverable, a demurrer to the complaint is not the proper way to raise the objection to the claim of such damages; but the remedy is by motion to strike, or objection to the evidence offered to prove the damages, or by request for proper instructions to the jury.

6. *Same; when action by partnership, fraudulent disposition by one partner of his individual property, no defense.*—The fraudulent disposition by one of the members of a partnership of his individual property does not, of itself, constitute a statutory ground for the suing out of an attachment against the partnership by the partnership creditors; and in an action by the partnership, or by the members thereof as partners, on an attachment bond to recover damages only for injuries done by the wrongful seizure of the partnership property, it is no defense that one of the partners had fraudulently disposed of his individual property.

7. *Same; fact that one of the partners consented to the suing out of the attachment constitutes no defense.*—In an action by a partnership, or by members thereof as partners, on an attachment bond, seeking to recover damages only for the injury done by the wrongful seizure of the partnership property, the fact that one of the partners consented to the suing out of the attachment presents no defense, and does not preclude a recovery upon the ground that the partner consenting, having disabled himself from suing on the bond, there could be no recovery by the others.

8. *Same; to authorize recovery all of the obligees on the bond must be joined as plaintiffs.*—To authorize a recovery on an attachment bond, all the obligees named therein must be joined as plaintiffs, in the capacity in which they are named, for the use of such as claim to have been injured.

9. *Same; same; how objection raised.*—In an action on an attachment bond, when it appears from the complaint that all the obligees have not been joined as plaintiffs, the defect should be taken advantage of by demurrer, and will be treated as waived if no demurrer is interposed; but when the complaint fails to show who are the obligees, and avers only that the bond was payable to "plaintiffs," and if the bond was, in fact, payable to others beside the "plaintiffs," objection may be taken to its introduction in evidence, or a variance may be claimed by request for proper instructions to the jury.

10. *Same; same; when action brought by partnership.*—In an action by a partnership, or by the members thereof as partners, on an attachment bond, seeking damages only for injuries done by the wrong-

[Painter *et al.* v. Munn *et al.*]

ful seizure of the partnership property, when the complaint avers that the bond was payable to "plaintiffs," but the bond sued on, which was introduced in evidence, was an obligation to indemnify each of the partners individually, in the event of levy on his individual property, and the partnership and members thereof as partners, in the event of the levy on partnership property, there is a fatal variance, which entitles the defendants to the general affirmative charge in their favor.

APPEAL from the Circuit Court of Dale.

Tried before the Hon. J. M. CARMICHAEL.

This action was brought by the appellees against the appellants.

On the 27th day of November, 1894, J. S. Reeves & Co., a non-resident partnership, through their agent, made affidavit that appellees, Dan Munn, George Munn and Tom Edwards, partners doing business under the firm name of Edwards & Munn Bros., were justly indebted to the said J. S. Reeves & Co., in the sum of $1,461.81, by note and account, and also $75 attorney's fees on said note, and that said Edwards & Munn Bros. were about fraudulenty to dispose of their property, and that said attachment was not sued out for the purpose of vexing, etc.

The said J. S. Reeves & Co., at the same time, executed a regular statutory attachment bond in which said J. S. Reeves & Co. were principals and the appellants, W. R. Painter, W. L. Casey and H. M. Sessions, were their sureties on said bond, in which said bond appellants, together with J. S. Reeves & Co., acknowledged themselves "held and firmly bound unto Dan Munn, George Munn and Tom Edwards, partners doing business under the firm name and style of Edwards & Munn Bros., in the sum of $3.123.62, to be paid to the said Dan Munn, George Munn and Tom Edwards, and to said Edwards & Munn Bros., their heirs," etc. The condition of the said bond was as follows: "Now, if the said J. S. Reeves & Co. shall prosecute said attachment to effect, and pay the said defendant all such damages as they may sustain by wrongful or vexatious suing out of said attachment, then the above obligation to be void; otherwise to remain in full force and effect." And upon said bond and affidavit being filed, said clerk issued out of said circuit court a writ of attachment, commanding the sheriff to attach so much of the estate

of Dan Munn, George Munn and Tom Edwards, and Edwards & Munn Bros. as should be of value sufficient, etc. The same being in all respects, a regular writ of attachment under the statute.

On the said 28th day of November, 1894, said writ of attachment was levied upon certain goods of the firm of Edwards & Munn Bros. The goods so levied upon were replevied by appellees, who gave a regular statutory replevin bond for the same, with B. H. Jennings, R. D. Reynolds and William Garner as sureties. The goods were then delivered to appellees. Appellees then sold out the goods, converted the same into money, and after judgment had been rendered against them in said attachment suit, they and their said sureties took said money, the proceeds of said goods, and turned it over as a payment on the judgment, or bond, in payment thereof, as they were bound to do under the conditions of said bond.

The value of the goods levied upon and replevied is admitted by the appellants in this case to be $1,581.68, and the same is admitted by appellants to have been the amount turned over by the principal and sureties on the replevin bond from the sale of the goods, after judgment had been rendered in said attachment suit.

On the 29th day of August, 1895, appellees filed their complaint in this cause, and on the 5th day of September, 1895, filed, by leave of court, an amended complaint, upon the first count of which amended complaint this cause was tried—the second count of said amended complaint being withdrawn. This suit is against the appellants, as sureties on said attachment bond, on the ground that said attachment was wrongfully sued out, and claims of the defendants damages for the breach of the condition of said attachment bond.

In said first count of the amended complaint, upon which this suit was tried, the breach of the condition of the attachment bond, the foundation of this suit, was alleged as follows : ''And plaintiffs say that the breach of the conditions of said bond has occurred in this : That the said attachment was wrongfully sued out in this : because the said Dan Munn, George Munn and Tom Edwards, partners doing business under the firm name of Edwards & Munn Bros., the defendants in said attachment suit, were not about fraudulently to dispose of

their property, as alleged in the affidavit of said attachment suit, and said defendants have not paid plaintiffs all such damages as they sustained by reason of the wrongful suing out of said attachment, to-wit,'' then setting out the damages claimed.

The defendant demurred to the first count of the complaint, the grounds of which demurrer are sufficiently stated in the opinion. The court overruled this demurrer, and the defendants duly excepted to such ruling. The defendants then pleaded in short by consent, the general issue of not guilty, and several special pleas, which were as follows : ''1st. That plaintiffs were about fraudulently to dispose of their property. 2d. That at the time said attachment set out in the complaint was sued out, plaintiffs owed said J. S. Reeves & Co. $1,-561.81, which was then just due ; that plaintiffs were demanding settlement, and that in consideration of said indebtedness and an agreement between the plaintiffs and said J. S. Reeves & Co., to that effect, plaintiffs consented for said J. S. Reeves & Co. to sue out an attachment for said sum, and have the same levied on plaintiffs' property for the purpose of speedily collecting said indebtedness, and that said attachment was sued out and levied pursuant to the said agreement, and that plaintiffs are estopped from this suit for damages for the suing out of said attachment.''

''4th. For answer to so much of the first count of the complaint as to the value of the property levied on under said attachment, defendants say that at the time the attachment suit set out in the complaint was begun, the plaintiffs owed J. S. Reeves & Co. $1,561.81, that the goods levied on were replevied by plaintiffs, and by them sold a short time after the levy of said attachment, and the proceeds applied to the payment of said indebtedness, and that plaintiffs have had the benefit of the full value of said goods. and property levied on under said attachment.''

The plaintiffs demurred to the 4th plea upon the grounds that the facts set forth therein could not be considered in mitigation of damages. This demurrer was sustained, and the defendants duly excepted. Issue was then joined on the plea of the general issue, and the first and second special pleas.

The attachment bond upon which this suit is founded,

together with the whole original file in said attachment suit, including the sheriff's return of the levy of said attachment, was introduced in evidence. It was proved by plaintiffs, without contradiction, that the writ of attachment sued out by J. S. Reeves & Co. against Edwards & Munn Bros. was levied by a deputy sheriff of Dale county, upon a part of the stock of goods of Edwards & Munn Bros. It was admitted by defendants in this suit that the goods so levied upon in the attachment suit were worth $1,581.68, and that said sum of money was the amount paid over by the principals and sureties on the replevin bond from the sale of the goods attached in part payment of the judgment in said suit.

Plaintiffs then showed by the evidence of Dan Munn that the firm of Edwards & Munn Bros. was composed of the said Dan Munn, George Munn and Tom Edwards; that at the time the attachment referred to in the complaint was sued out in favor of J. S. Reeves & Co. against plaintiffs in this suit, the firm of Edwards & Munn Bros. was engaged in the mercantile business in Ozark, Ala., and were buying and selling goods in the usual and ordinary course of trade as merchants; that they had sold no goods at less than cost and had disposed of no goods otherwise than in the usual and ordinary course of trade; that the firm of Edwards & Munn Bros. had a good credit and had never been refused credit, and that the attachment destroyed the credit of the firm.

Witness Dan Munn testified that he did not, at any time, consent for said attachment to be sued out, but positively refused to agree to the same. George Munn testified to substantially the same that Dan Munn had testified to, except that he, George Munn, consented for said attachment to be sued out, provided the other two partners, Dan Munn and Tom Edwards were willing for the same to be done.

At the time said attachment was sued out, the liabilities and assets of the firm of Edwards & Munn Bros. were as follows: That said firm had on hand $4,235 in goods at invoice price, which were worth from 66⅔ to 70 cents on the dollar. That the firm had about $1,500 in accounts, notes and mortgages. That said accounts, notes and mortgages were worth about 75 cents on the dollar. That the firm at the time of the attachment

owed about $4,900. The evidence showed, without con-
flict, that two of the partners, Dan Munn and George
Munn, each owned individually, a one-fourth interest in
a tract of land of 200 acres, lying in Dale county; that
this was all the land that either Dan Munn or George
Munn owned; that they did not live on the land; that
this land was the individual property of said Dan Munn
and George Munn; that about three weeks before this
attachment was levied, Dan Munn and George Munn,
each, executed a deed to his wife, to his interest in said
lands, upon the recited consideration of love and affec-
tion. These deeds were never recorded, nor were they
ever delivered to their wives, nor to any one for them;
but they were retained in the possession of said George
Munn and Dan Munn till said attachment was levied,
and have never been delivered to their wives.

The evidence also showed, without conflict, that Tom
Edwards, before the partnership of Edwards & Munn
Bros. had ever been formed, sold to his sister, certain
lands to be paid for in partial payments. That on the
day before this attachment was levied, his said sister
finished paying for said lands, and he, thereupon, on
the following day, executed to her a deed to the same.
Tom Edwards denied that he had ever, at any time,
consented to the levy of said attachment. There was
no other material evidence in this case which affects the
rulings of the court below, or which need be here
stated. The other facts are sufficiently stated in the
opinion. Upon the introduction of all the evidence,
the court at the request of the plaintiffs gave the jury
the following written charges, and to the giving of each
of them the defendants separately excepted :

(1.) "Although the jury may believe from the evi-
dence that George Munn or Dan Munn conveyed his
interest in certain lands to his wife for the consideration
of love and affection, which interest in lands was
their individual property and not in any way connected
with the partnership assets or partnership business, that
such act did not authorize an attachment against said
partnership, and can be no defense in this case."
(2.) "Although the jury may believe from the evi-
dence that George Munn or Dan Munn conveyed his
interest in certain lands to his wife for consideration of
love and affection, which interest in lands was his

[Painter *et al.* v. Munn *et al.*]

individual property and not in any way connected with partnership assets or partnership business, that such act did not authorize a writ of attachment to be levied upon the partnership assets of Edwards & Munn Brothers, and that the same is no defense to the suit." (3.) "The court charges the jury that there is no evidence before the jury tending to show that Edwards & Munn Brothers had fraudulently disposed of their property."

The defendant then asked the court to give the jury the following written charges : (1.) "The court charges the jury that any voluntary conveyance by a debtor of his property which is not exempt under the law, is a fraud on his creditors. The court further charges the jury that the 100 acres of land which Dan Munn and George Munn testified they owned and did not live upon was not exempt to them under the law." (A.) "The court charges the jury that the 100 acres of land which the plaintiffs, Dan Munn and George Munn testified they conveyed by deed of gift to their wives was subject to the payment of the debts of Edwards & Munn Brothers, and such conveyance was a fraud upon J. S. Reeves & Company, and your finding must be for the defendant." (B.) "The court charges the jury that if Dan Munn and George Munn made a deed to their lands and delivered the same to W. W. Kirkland for the purpose of investigating the law and finding if the grantees in said deed could hold said land as against their creditors, then this is a sufficient delivery of said deed and was a voluntary conveyance and a fraud upon J. S. Reeves & Company, and your findings must be for defendants." (3.) "The court charges the jury that one of the defendants in the attachment suit, Dan Munn, George Munn and Tom Edwards, was as much liable for the payment of the debt which the firm owed to Reeves & Company as the other, and the property of each of them was liable to the payment of said debt; and, further, that any voluntary conveyance on the part of either of the plaintiffs was a fraud upon defendants, J. S. Reeves & Company, and your finding must be for the defendants." (4.) "The court charges the jury that if they believe all the evidence in this case, they must find for the defendants." (5.) "The court charges the jury that if Dan Munn and George Munn, before

[Painter *et al.* v. Munn *et al.*]

the issuance of the attachment writ, were about to voluntarily convey their lands to their wives, then your finding must be for the defendants." (6.) "The court charges the jury that the 100 acres of land which Dan Munn and George Munn swore that they owned was subject to the payment of the debt of J. S. Reeves & Company; and if they or either of them, were about to voluntarily dispose of said lands, then one of the statutory grounds for the issuance of said attachment did exist at the time of its said issuance and your finding must be for the defendants." (7.) "The court charges the jury that if Geo. Munn and Dan Munn had fraudulently disposed, or were about to fraudulently dispose of their individual property, then, so far as these two plaintiffs are concerned, your findings must be for the defendants; and if all of the plaintiffs can not recover, none of them can recover, and your verdict must be for the defendants." (8.) "The court charges the jury that all the property of individuals composing a general partnership, not exempt under the law, is liable to the payment of the partnership debts, and a voluntary conveyance of any of such property is a fraud upon the creditors of such general partnership." (9.) "If the jury believe from the evidence that at the time the attachment was sued out Dan Munn and Geo. Munn were about to make a deed of gift to all of their real estate to their wives, and that they were then insolvent, their verdict must be for the defendants." (10.) "When an insolvent debtor makes a voluntary conveyance of his property, as against existing creditors, it is immaterial whether the intent is to defraud or not. The conveyance is void as to such creditors independently of the question of intent, and if at the time the attachment was sued out, Dan Munn and Geo. Munn either had made a voluntary conveyance of all their real estate to their wives or were about to make such conveyance, then the verdict must be for the defendants." (11.) "If the jury believe from the evidence that a short time before the suing out of the attachment Dan Munn and George Munn conveyed to their wives by deed of gift all their real estate, and that at the time plaintiffs owed J. S. Reeves & Company $1,561.81, and that at the time said deed was executed plaintiffs were insolvent, then they must find for the defendants."

(12.) "If the jury believe from the evidence that either of the plaintiffs consented to the suing out of the attachment before it was sued out then they must find for the defendants." (13.) "The court charges the jury that J. S. Reeves & Company when the plaintiffs contracted the debt, the foundation of the attachment suit, which is the foundation of the present suit, acquired an interest in all the property which the plaintiffs each owned, and which was not exempt to them under the law, and any voluntary conveyance on the part of either of plaintiffs was a fraud on the defendants, J. S. Reeves & Co., and your finding must be for the defendants." (14.) "The court charges the jury that the creditors of Edwards & Munn Brothers had an interest in all the property which Dan Munn, Geo. Munn and Tom Edwards owned at the time of the contracting of their several debts, or which they afterwards acquired, and which was not exempt to them under the law ; and if either of said plaintiffs at the time of the issuance of said attachment or before such issuance, was about to voluntarily convey any of said property, so as to put it beyond the reach of their creditors, then your finding must be for the defendants." (15.) "The court charges the jury that the fact of Geo. Munn and Dan Munn having conveyed their real estate to their wives, by gift merely, was a fraud upon the creditors of Edwards & Munn Brothers, and your finding must be for the defendants, so far as damages in favor of Dan Munn and Geo. Munn are concerned." (16.) "If the jury believe from the evidence that at the time the attachment was sued out plaintiffs owed J. S. Reeves & Company $1,561.81 ; that after said indebtedness was contracted Dan Munn and George Munn made a deed of gift to their wives of all their real estate, and that on the day said attachment was sued out George Munn turned the same over to W. W. Kirkland, an attorney, with a request that he investigate and state whether their wives could hold said real estate under said deed, and that the said Dan Munn and George Munn did not reside on said real estate at the time said deed was made and were insolvent when the attachment was sued out, then their verdict must be for the defendants." The court refused to give each of these charges. and the defendants duly and separately excepted to the refusal to give each of them.

[Painter *et al.* v. Munn *et al.*]

There were verdict and judgment for the plaintiffs. The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

SOLLIE & KIRKLAND, for appellants.—There was a fatal variance between the averments of the complaint and the proof. The "plaintiffs" as described in the complaint, were not all of the obligees of the bond ; and, therefore, the defendants were entitled to the general affirmative charge in their favor, which they requested. *Smith v. Mut. Loan & Trust Co.*, 102 Ala. 282 ; *Masterson v. Phinizy*, 56 Ala. 336 ; *Phillips v. American Guano Co.*, 110 Ala. 521 ; *M. & E. Railway Co. v. Culver*, 75 Ala. 587 ; 1 Greenleaf on Evidence, § 60.

Suits by partnerships are properly brought in the name of the firm, and being thus brought, it is sufficient if the names of the partners appear anywhere in the record, the whole object of the naming of the partners being to inform the court who constitutes the partnership suing.—*Tompkins v. Levy & Bro.*, 87 Ala. 263 ; *Foreman v. Weil Bros.*, 98 Ala. 495 ; *Sims, Harrison & Co. v. Jacobson & Co.*, 51 Ala. 186 ; *Davidson v. Weems*, 58 Ala. 187.

The proof showed that Dan Munn and George Munn, two of the members of the plaintiff's firm had, only a few weeks before the attachment was sued out, deeded all their lands to their wives for love and affection, and that the purpose was to keep them from being subjected to the payment of the debts of the partnership. This authorized an attachment to be sued out, at least, against Dan Munn and George Munn.—Wappells on Attachment, § 69 ; *Keene v. Hans Sellenbach*, 15 Neb. 200 ; *Thompson v. Baker*, 141 U. S. 648 ; 3 Brick. Dig., 515, § 119, *et seq.* Then, the attachment was not wrongful, in so far as the writ was issued against Dan Munn and George Munn. As to the same persons and property, an attachment can not at one and the same time be both legal and illegal.—*Marx Bros. v. Leinkauff*, 93 Ala. 453.

The court erred in sustaining plaintiff's demurrer to defendant's plea. A demurrer must correctly point out the defect in the pleading complained of. and can only be considered as to the matters thus pointed out, although the pleading may contain other defects, to

[Painter *et al.* v. Munn *et al.*]

which a demurrer might be well taken.—3 Brick Dig. 289, § 364; 705, §§ 70–71.

BORDERS & CARMICHAEL and A. A. EVANS, *contra.* The suit was properly brought in the name of Dan Munn, George Munn and Tom Edwards, late partners doing business under the firm name of Edwards & Munn Bros; for the defendants acknowledged themselves bound in said attachment bond to the said Dan Munn, George Munn and Tom Edwards, partners doing business under the firm name of Edwards & Munn Bros. There was no variance between the allegations and the proof with respect to the bond. All the parties to whom said attachment bond was made payable, were before the court as plaintiffs in the cause. There can, consequently, be nothing in the contention of appellants on this point.

The court did not err in sustaining plaintiffs' demurrer to defendants' 4th plea. Said plea attempted to set off the claim upon which the attachment was sued out by J. S. Reeves & Co., against the damages to which plaintiffs were entitled in this suit, or to mitigate said damages by pleading said debt. This can not be done. *Hundley v. Chadick*, 109 Ala. 575.

The court did not err in refusing to give charge "A," asked by defendants; for, in the first place, the charge assumes a delivery of the deeds from Dan Munn and George Munn to their wives, while the testimony is uncontradicted that said deeds were never delivered. In the second place an attachment will not be sustained against a partnership unless grounds for an attachment exist against all the partners; and a sale or gift, by an individual, of his individual property, does not authorize an attachment against a partnership, and such attachment is wrongful.—2 Bates on Law of Partnerships, § 1117, p. 1100, and the authorities there cited.

Charge No. 5, asked by the defendants, was properly refused, because the ground of attachment must exist against all the partners before an attachment is rightfully sued out against the partnership.—2 Bates on Law Partnership, § 1117, p. 1100, and authorities cited. Second, because they must have been about to do so at the time

BRICKELL, C. J.—This was an action on an attachment bond to recover damages for the breach thereof by wrongful suing out of the attachment. The original complaint and the second count of the amended complaint were withdrawn, and the trial was had on the first count of the amended complaint. In this count, which claims actual damages only, the only breach assigned is, "the said attachment was wrongfully sued out in this, because the said [plaintiffs] were not about fraudulently to dispose of their property as alleged in the affidavit in said attachment suit." The defendant demurred to this count on the grounds that it did not deny that the debt for which the attachment was sued out was due, and failed to aver that no ground existed for the suing out of the attachment; and the overruling of the demurrer is one of the errors assigned. One of the conditions of an attachment bond is that the obligors shall pay to the defendant in the attachment all such damages as he may sustain by the wrongful or vexatious suing out of the attachment. In an action on such bond the defendant is not confined in his defense to proof of the existence of the particular ground of attachment averred in the affidavit, but may show the existence of any statutory ground. If any such ground existed the attachment was not wrongfully sued out, and there was consequently no breach of the bond in this respect, if there was a valid debt due from the defendant to the plaintiff.—*Gabel v. Hammerwell*, 44 Ala. 336 ; *Lockhart v. Woods,* 38 Ala. 631. Hence, when only actual damages are sought, and the fact of indebtedness is not denied, the complaint should, in some form, negative the existence of any statutory ground for the suing out of the attachment, since the bond is not broken unless the attachment was wrongfully sued out, and the non-existence of the particular ground averred in the affidavit, or of any particular ground, does not render the attachment wrongful.—*Crofford v. Vassar*, 95 Ala. 548 ; *McLane v. McTighe*, 89 Ala. 411. When exemplary damages are claimed the complaint, in addition to averring that the attachment was wrongfully sued out, must negative the sworn ground upon which the attachment issued, and aver that it was sued out without probable cause for believing the sworn ground to be true.—*City Nat. Bank v. Jeffries,* 73 Ala. 183 ; *Schloss v. Rovelsky*, 107 Ala. 596.

[Painter *et al.* v. Munn *et al.*]

But this averment is not necessary where only actual damages are claimed.—*McLane v. McTighe, supra.* An averment in the complaint that the attachment was wrongfully sued out, "because the said [plaintiffs] were not about fraudulently to dispose of their property as alleged in the affidavit," is equivalent only to an averment of the non-existence of the particular ground upon which the process issued. It is not equivalent to an averment, that the attachment was wrongfully sued out, since other grounds may have existed, and if any other ground did exist the attachment was not wrongful. It does not, of consequence, show any breach of the bond. To require the defendant to take issue on such averment would deprive him of a legal defense; the existence of some other statutory ground for the suing out of the attachment. This being the only assignment of the breach, the complaint fails to show that there has been any breach of the bond, and the demurrer should have been sustained.

The complaint claimed as damages the value of the property seized under the writ, and the defendant pleaded in mitigation of damages that plaintiff had replevied the goods levied on, and had afterwards sold them and applied the proceeds to the payment of the debt due defendant. There was a demurrer to this plea on the ground that these facts could not be considered in mitigation of damages, which demurrer was sustained. In *Hundley v. Chadick*, 109 Ala. 575, it was held, after a careful consideration of the question, that in an action on an attachment bond for the wrongful suing out of the attachment, the fact that the attached property, which had been taken from the defendant, and had not been replevied nor returned to him, brought its fair value when sold under the order of the court, and that the proceeds of its sale had been applied to the payment of the debt of the defendant, constituted no bar to the action, and was not matter in mitigation of damages. We adhere to this principle, and its enforcement is necessary in order to prevent the abuse of the process of attachment. If the plaintiff in the attachment proceedings be permitted to make this defense when sued on his bond, the restraints imposed by statute for the purpose of preventing an abuse of the process, would be useless. But when the defendant in the attachment suit replevies the

[Painter *et al.* v. Munn *et al.*]

property, thereby retaining the possession and enjoyment of it, and himself sells it, in his own way and on his own terms, and with the proceeds pays the debt, the reason on which the principle rests ceases, and the principle becomes inapplicable. The replevy and sale of the property in such case is not the necessary result of the suing out of the attachment, but is the voluntary act of the defendant, done for his own convenience and benefit to prevent the injury which would result from a failure to replevy. He may, or may not replevy, or, having replevied, may or may not sell the property, and pay the debt, and the mere right to do so, which the statute grants him, and the contingency of his exercising the right, can not lessen the influence upon a creditor of those statutes which require him to give bond for the payment of all such damages as may result from the abuse of the process. When property levied on by attachment is restored to the defendant without having been replevied, the damages recoverable include, not the value of the property, but the value of its use during the detention, together with such other actual damages as may be shown, and such, we believe, should be the rule when the defendant replevies the property and sells it. We are of the opinion that when property seized under a writ of attachment is replevied by the defendant, who afterwards sells it, and with the proceeds pays the debt to enforce which the attachment was sued out, these facts may be pleaded in mitigation of damages in an action on the attachment bond. But in the present case, all the facts averred in the plea were alleged in the complaint, and were, therefore, admitted facts upon which no issue could be taken, except to deny their truth, which was not the purpose of the plea. The plea, therefore, raised no issue and was unnecessary to enable the defendant to obtain advantage of the facts set forth therein. When an element of damages is claimed, which the complaint itself shows is not recoverable, the proper way to raise this objection is by a motion to strike, or by objection to evidence offered to prove the damages, or by request for proper instructions to the jury.—*Treadwell v. Tillis*, 108 Ala. 262; *Kennon & Bro. v. West. Un. Tel. Co.*, 92 Ala. 399. The sustaining of the demurrer was not an error of which appellant can complain.

Although each member of a partnership is, generally speaking, liable for all the debts of the firm, and the voluntary conveyance by one partner of his individual property may be fraudulent as to the partnership cred-itors, and, if fraudulent, will authorize such creditors to follow up and subject to the payment of their claims the property thus fraudulently conveyed, or to sue out an attachment against such partner, yet such fraudulent disposition of his individual property by one of the part-ners is not a fraudulent disposition of the partnership property, and does not, of itself, constitute a statutory ground for the suing out of an attachment against the partnership by a partnership creditor.—Bates on Part., § 1117. In an action by a partnership, or by the mem-bers thereof as partners, on an attachment bond seeking damages only for the injuries done by the wrongful seizure of the partnership property, it is no defense that one of the partners had fraudulently disposed of his in-dividual property. For this reason charges A, B, 3, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15 and 16, requested by appel-lants, were properly refused.

There was evidence tending to show that one, at least, of the partners consented to the suing out of the attach-ment, and upon this evidence a charge was requested, that if the jury believed the evidence, they must find for the defendants. It is not contended that the consent of one partner to the suing out of an attachment against the partnership bound the partnership, but that, one of the partners having by his consent disabled himself to sue on the bond, there can be no recovery by the others, because all must recover, or none can. Although it is a principle of law that if two or more unite in bringing an action, all must recover or none can, and that if one has disabled himself to maintain the suit, this precludes the others from recovering, it has been expressly held by this court in *Fancher Bros. & Co. v. Bibb Furnace Co.,* 80 Ala. 481, overruling a former decision to the contrary in *Cochran v. Cunningham,* 16 Ala. 448, that this prin-ciple does not apply in a suit by a partnership, and that the partnership can not thus be deprived of the right to collect its assets, or to redress wrongs committed against it, because of the estoppel against or remittitur by one of the partners.

In considering all the charges we have treated the

action as one instituted by the members of the partnership of Edwards & Munn Bros. as partners, to redress a wrong done to the partnership, and not as a suit by them as individuals to recover for the wrong done to each individually, as counsel for appellants insist it should be treated. The plaintiffs are described in the caption of the original complaint as "Dan Munn, George Munn and Tom Edwards, late partnees, doing business under the firm name of Edwards & Munn Bros.," and the summons followed the complaint. The caption of the amended complaint, as it appears in the record, omitted the word "late" but was in other respects the same. This is a proper description of the plaintiffs in a suit by a partnership, or by the members thereof as partners, to recover partnership assets, and there is nothing in the body of the complaint to indicate that the plaintiffs sue as individuals. The bond sued on was made payable to Dan Munn, George Munn, Tom Edwards and to Edwards & Munn Bros. It was properly so made because in the complaint and affidavit in the attachment proceedings, both the partnership and the individual members were made parties defendant, and when the attachment proceedings are against a partnership and the individual members thereof, the statute authorizes the property of each partner, as well as that of the partnership, to be seized, and the writ so directs.—Code of 1886, § 2947. The bond, therefore, was an obligation to indemnify each of the partners individually, in the event of a levy on his individual property, and the partnership and members thereof as partners, in the event of a levy on partnership property. But the complaint avers that the bond was payable to "plaintiffs," and, as we have seen, the plaintiffs are the members of the firm as partners, or the partnership. This was a fatal variance and entitled defendants to the general charge in their favor, which was refused.—*Gamble v. Kellum*, 97 Ala. 677. To authorize a recovery on an attachment bond all the obligees named therein must join as plaintiffs, in the capacity in which they are named, for the use of such as claim to have been injured.—*Smith v. Mutual Loan & Trust Co.*, 102 Ala. 282; *Masterson v. Phinizy*, 56 Ala. 336. When it appears from the complaint that all the obligees have not been joined as plain-

[Warren *et al.* v. Lawson.]

tiffs, the defect should be taken advantage of by demurrer, and will be treated as waived if no demurrer is interposed. When, however, the complaint fails to show who are the obligees, and avers only, as here, that the bond was payable to "plaintiffs," then, if the bond was in fact payable to others besides the plaintiffs, objection may be made to its introduction in evidence, or a variance may be claimed and proper charges requested. There was no error in giving the charges requested by plaintiffs.

For the errors pointed out, the judgment of the court below must be reversed and the cause remanded.

Reversed and remanded.