# Schuessler & Sons *v.* Still.

*Action on Attachment Bond.*

(Decided Nov. 24, 1910.  53 South. 831.)

1. *Attachment; Bonds; Action on; Complaint.*—In an action on an attachment bond a breach of the bond must be averred in plain terms, and an allegation inferentially that the defendant has not paid all damages sustained by the wrongful or vexatious suing out of the attachment is not sufficient.

2. *Same.*—Where counsel fees are claimed as special damages in an action on attachment bond, it is not sufficient to allege merely the employment of an attorney; the attorney must have rendered service and the plaintiff must have incurred liability, and an allegation that the plaintiff employed counsel at a certain expense was insufficient.

3. *Same; Damages.*—Where the action was on an attachment bond given in proceedings instituted under section 3194, Code 1907, and the plaintiff showed a dismissal of the bill to which he was the respondent, he became entitled to nominal damages although no actual damages were shown.

4. *Same; Evidence.*—In an action on an attachment bond the proof showed that the respondent in the attachment proceedings employed a certain attorney to defend the suit and agreed to pay him a certain fee, but there was no proof that he defended the suit or that his employee had paid or was liable for the fee, no actual damages were shown.

APPEAL from Chambers Circuit Court.

Heard before Hon. S. L. BREWER.

Action by J. T. Still, Jr., against Charles Schuessler & Sons and others on an attachment bond. From a judgment for plaintiff, defendants appeal. Reversed.

The complaint was as follows: "The plaintiff claims of defendant * * * for the breach of the condition of a bond. * * *" And plaintiff says the conditions of the

said bond have been broken by the defendants in this: (1) The defendants, the complainants in said bill, have not paid the plaintiff all damages which he has sustained by the wrongful or vexatious suing out of said writ. (2) The complainants in said bill were unsuccessful, and wholly failed in their said suit in the chancery court, and that they have wholly failed to pay the plaintiff the costs and damages which he sustained by the wrongful and vexatious suing out of said writ. Plaintiff further claims of the defendants $150 special damages, for this: That plaintiff was compelled to employ counsel to defend said suit in the chancery court at the expense of $150, and defendants have wholly failed to pay the plaintiff such damages."

The following charge was refused to defendant: (2) "I charge you, gentlemen of the jury, that no actual damages have been shown in this case, and that plaintiff is entitled to only nominal damages."

E. M. OLIVER, for appellant. The court should have sustained the demurrers to the complaint.—*City Nat. Bank v. Jeffries*, 73 Ala. 183. It was not shown that the chancery suit was defended, or that plaintiff was represented there by an attorney, and therefore, the court erred in giving the plaintiff the affirmative charge. *Baldwin v. Walker*, 94 Ala. 515; 4 Cyc. 886. On these authorities, the court erred in denying the charge requested by defendant.

JAMES W. STROTHER, for appellee. No brief reached the Reporter.

ANDERSON, J.—It was incumbent upon the plaintiff to aver a breach of the bond in plain and unambiguous terms. The present complaint avers, only by way

of inference, that the writ was vexatiously or wrongfully sued out, and was subject to the defendants' demurrer.

In an action on the bond, wherein counsel fees are claimed as special damages, it is not sufficient to aver merely the employment of an attorney, but he must have rendered service in defending the suit.—*Trammell v. Ramage,* 97 Ala. 666, 11 South. 916; *Baldwin v. Walker,* 94 Ala. 514, 10 South. 391. And the plaintiff must have incurred a liability for same. These facts are not specifically averred, and can only be read into the complaint by way of inference, and the demurrers proceeding upon this theory should have been sustained.

Apart from the foregoing defects, and treating the case as it was tried upon the present complaint, there was reversible error, independent of the ruling upon the pleading. The writ of seizure was sued out under section 3194 of the Code of 1907, ancillary to a bill in chancery to enforce a lien, and when the plaintiff showed a dismissal of the bill which carried the writ of seizure with it, he made out a prima facie case that said writ was wrongfully sued, and was entitled, at least, to nominal damages, and was, therefore, entitled to the general charge, notwithstanding he proved no actual damages. The trial court did not err in giving the general charge for the plaintiff, and in refusing the one requested by the defendants.

The only damages attempted to be shown or established were the counsel fees of $150. There was no proof whatever that J. W. Strother, the attorney employed, defended the chancery suit, which was essential to the plaintiff's right to recover the fees from these defendants.—*Baldwin v. Walker, supra,* subsequently cited and approved in the case of *Trammell v. Ramage, supra.* The plaintiff testified "that he employed J. W.

Strother as his attorney to defend said chancery case above mentioned, and had agreed to pay him a fee of $150 for defending said suit." There was no proof that Strother defended the suit, or that the plaintiff had paid or was liable to him for the fee. He said he agreed to pay him for defending the suit; so, if he did not defend the suit, he was not liable to him.

No actual damages having been shown, the trial court erred in refusing charge 2, requested by the defendants, and the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

Dowdell, C. J., and Sayre, and Evans, JJ., concur.