(112 So. 344)

**SMITH et al. v. SUMMERS et ux.**
(7 Div. 636.)

Supreme Court of Alabama.    March 24, 1927.

Rehearing Denied April 21, 1927.

1. **Justices of the peace ☞152—Any one of several joint defendants may individually appeal from judgment of justice of the peace (Code 1923, § 8777).**

Under Code 1923, § 8777, any one of several joint defendants may individually appeal from a judgment against him before a justice of the peace, and the cause be removed and retried as to him alone.

2. **Justices of the peace ☞152—Circuit court acquired jurisdiction of attachment suit, on appeal of one party only to judgment of justice of the peace (Code 1923, § 8777).**

In view of Code 1923, § 8777, where one of defendants to an attachment suit alone appealed

from judgment of the justice of the peace, the circuit court acquired jurisdiction of the suit on her appeal, and rendition of judgment for her was complete nullification of adverse judgment in justice court.

3. **Attachment ☞348, 349—Permitting amendment to complaint by joining both obligees in attachment bond as plaintiffs, for use of plaintiff alone, held necessary and proper.**

Where action on an attachment bond was brought by one obligee alone, permitting plaintiff to amend complaint by joining both obligees as plaintiffs, for the use of herself, held necessary and proper.

4. **Attachment ☞350—Attachment plaintiff's failure to prosecute suit is prima facie evidence that it was wrongful.**

Attachment plaintiff's failure to prosecute attachment to effect is, in suit on attachment bond, prima facie evidence that the suit was wrongful.

5. **Attachment ☞350—Evidence showing judgment for defendant on the merits is conclusive as to wrongfulness of attachment suit against her.**

In suit on bond for wrongful attachment, where evidence shows a judgment for defendant in attachment on the merits, it is conclusive as to wrongfulness of suit.

6. **Attachment ☞349—In action on attachment bond except where punitive damages are claimed, it is unnecessary to negative existence of any ground for attachment.**

In action on an attachment bond except where punitive damages are claimed, it is not necessary in the complaint to negative existence of any ground for the attachment.

7. **Appeal and error ☞1040(11)—Where one count of complaint was sufficient, rulings on other counts therein as against demurrer held immaterial.**

Where one count of complaint in action on an attachment bond was sufficient, rulings on other counts thereof as against demurrers were immaterial.

8. **Attachment ☞351—In action on bond for wrongful attachment, attorney's fee recoverable held properly extended to entire defense in attachment suit.**

In action on an attachment bond where there was no principal suit from which the attachment proceeding could be severed and separately defended, attorney's fee recoverable by plaintiff *held* properly extended to her defense in suit before the justice of the peace, and on appeal to the circuit court.

9. **Attachment ☞351—Injunction ☞186(2) —Where there is principal suit to which attachment or injunction is ancillary, counsel fees recoverable are limited to defense of ancillary writ.**

Where there is a principal suit to which writ of attachment or injunction is merely ancillary, counsel fees recoverable for wrongful attachment or injunction are limited to those incurred in defense of the ancillary writ.

———

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Clay County; E. S. Lyman, Judge.

Action by Ellie Summers and wife against W. B. Smith and others. From a judgment for plaintiffs, defendants appeal. Transferred from Court of Appeals, under Code 1923, § 7326. Affirmed.

This is an action on an attachment bond. The plaintiff in attachment sued out his writ against Ellie Summers and his wife, Mrs. Ellie Summers, to collect rent due from defendants to plaintiff. The action was begun in a justice's court, and judgment was there rendered againts both defendants, and certain chattels levied on were ordered to be sold as subject to the lien of the debt.

From that judgment Mrs. Ellie Summers alone appealed to the circuit court, where the cause was tried de novo, resulting in a verdict and judgment for the appealing defendant.

This action was originally brought in the name of Mrs. Ellie Summers, but was amended after demurrer to read:

"Ellie Summers and Mrs. Ellie Summers, plaintiffs, for the use of Mrs. Ellie Summers."

Four counts, A, B, C, and D, were added by amendment. Count D, after reciting the issuance of the writ and setting out the bond in full, alleges:

"That, while said bond was executed to the plaintiff and her husband, Ellie Summers, the said attachment writ was levied on the property of plaintiff, and that she was in possession of said property at the time of issuance of said attachment writ, and that the same has been tried and terminated in favor of this plaintiff, and plaintiffs further aver that said attachment was wrongfully and vexatiously sued out against this plaintiff for the purpose of subjecting her property to the satisfaction of her husband's debts, and as a result thereof the plaintiffs were damaged to the amount and extent aforesaid."

It is further alleged that on account of said matters plaintiff was compelled to employ counsel to defend against the writ, and that she has paid $50 in that behalf, which is claimed as special damage.

On the trial plaintiff introduced in evidence the attachment papers and the judgment of the circuit court in her favor, and proved the payment of an attorney's fee of $50 as claimed, thereby establishing without conflict every material allegation of count D of the complaint.

Plaintiff in open court waived all damages except for the attorney's fee, and the trial judge instructed the jury, with hypothesis, to find for the plaintiff—

"for all damages actually sustained by the wrongful suing out of the attachment suit."

The verdict was for $50, with judgment accordingly.

Walter S. Smith, of Lineville, for appellants.

Attorney's fees incurred in defending the principal suit are not recoverable in an action on attachment bond. Yandiver v. Waller, 143 Ala. 411, 39 So. 136; Flournoy v. Lyon, 70 Ala. 308; Baldwin v. Walker, 94 Ala. 514, 10 So. 391; Trammell v. Ramage, 97 Ala. 666, 11 So. 916; Schuessler & Sons v. Still, 169 Ala. 239, 53 So. 831; 6 C. J. 1335; 2 Sedgwick on Damages (9th Ed.) § 682a; Porter v. Knight, 63 Iowa, 365, 19 N. W. 282; Alexander v. Jacoby, 23 Ohio St. 385; Gonzales v. Tob. Co., 41 Fla. 471, 26 So. 1012; Drake on Attachments, § 176. In an action on an attachment bond, the complaint must negative the proof of the sworn ground on which the process issued; breach of condition must be alleged in plain and unambiguous terms. Dothard v. Sheid, 69 Ala. 138; City Nat. Bank v. Jeffries, 73 Ala. 183; McLane v. McTighe, 89 Ala. 413, 8 So. 70; Schloss v. Rovelsky, 107 Ala. 599, 18 So. 71. The appeal attempted to be taken from the justice court was void because not taken in the name of all parties against whom judgment was rendered. Sellers v. Smith, 143 Ala. 566, 39 So. 356; Eastland v. Jones, Minor, 275.

Pruet & Glass, of Ashland, for appellees.

Failure to prosecute suit to effect is a breach of attachment bond. Street v. Browning, 205 Ala. 110, 87 So. 527; McLane v. McTighe, 89 Ala. 411, 8 So. 70; Savage v. Gunter, 32 Ala. 467. Amendment of the complaint as to parties plaintiff was proper. Weedon v. Jones, 106 Ala. 336, 17 So. 454; Phillips v. Holmes, 165 Ala. 253, 51 So. 625; Smith v. Mutual L. & T. Co., 102 Ala. 282, 14 So. 625; Masterson v Phinizy, 56 Ala. 336. Judgment in favor of appellee, defendant in original attachment suit, is conclusive of wrongful suing out of attachment. Bradford v. Lawrence, 208 Ala. 248, 94 So. 103. Where there is no proof of a debt owing from defendant to plaintiff in attachment, the court may affirmatively instruct for plaintiff in suit on bond. Painter v. Munn, 117 Ala. 334, 23 So. 83, 67 Am. St. Rep. 170; Tucker v. Adams, 52 Ala. 254; Lockhart v. Woods, 38 Ala. 631. The averments of the complaint are sufficient to negative statutory grounds for issuance of attachment. Crofford v. Vassar, 95 Ala. 550, 10 So. 350; Flournoy v. Lyon, 70 Ala. 308. It is not necessary that all defendants should join in appeal from justice court. Code 1923, § 8777; Ex parte Bogatsky, 134 Ala. 384, 32 So. 727; Phillips v. Holmes, supra. Judgment in the circuit court on appeal vacates the judgment of the justice court. Brooks v. Carter, 36 Ala. 682; S. & N. A. v. Seale, 59 Ala. 608; L. & N. v. Lancaster, 121 Ala. 473, 25 So. 733.

SOMERVILLE, J. [1, 2] Under section 8777 of the Code, providing that "any party

may appeal from any judgment rendered against him before a justice of the peace to the circuit court," any one of several joint defendants may individually appeal, and the cause be removed and retried as to him alone. Phillips v. Holmes, 165 Ala. 250, 253, 51 So. 625. Hence the circuit court acquired jurisdiction of the attachment suit on Mrs. Summers' appeal and rendered a valid judgment in her favor, to the complete nullification of the adverse judgment in the justice's court.

[3] Plaintiff was properly allowed to amend her complaint by joining both obligees in the attachment bond as plaintiffs, for the use of herself. The amendment was, in fact, both necessary and proper. Weedon v. Jones, 106 Ala. 336, 339, 17 So. 454; Painter v. Munn, 117 Ala. 322, 23 So. 83, 67 Am. St. Rep. 170.

[4, 5] Demurrers were interposed to each count of the complaint. Conceding, without deciding, that some of the grounds of demurrer were well taken as to counts A, B, and C, yet count D was in all respects sufficient. It alleges that the trial of the attachment suit terminated in favor of this plaintiff, and hence that the plaintiff in attachment failed "to prosecute said attachment to effect," thereby violating one of the conditions of the bond. The attachment plaintiff's failure to so prosecute his suit is always prima facie evidence that the suit was wrongful. And where the evidence shows a judgment for the defendant on the merits, it is conclusive of the wrongfulness of the suit. Street v. Browning, 205 Ala. 110, 87 So. 527; Savage v. Gunter, 32 Ala. 467, 469. This is necessarily so, because such a judgment shows that the writ was not supported by a debt due from the defendant to the plaintiff in attachment. McLane v. McTighe, 89 Ala. 411, 8 So. 70.

[6] Except where punitive damages are claimed, it is not necessary to negative the existence of any ground for the attachment. Painter v. Munn, 117 Ala. 322, 334, 335, 23 So. 83, 67 Am. St. Rep. 170.

[7] Count D being good as against the demurrer, the presence of the other counts in the case was neither beneficial to plaintiff, nor hurtful to defendant, and hence the rulings on the demurrers to the other counts are wholly immaterial and may be disregarded.

[8] This count sufficiently claims an attorney's fee of $50 paid to counsel for actually representing her in the attachment suit. The evidence shows that plaintiff employed and paid counsel that sum, which was a reasonable fee, for representing her in the justice court and in the circuit court in this attachment suit, and that she was, in fact, represented by counsel in both courts. The evidence does not expressly show that the counsel employed were the counsel who defended, but we think their identity was a permissible inference of fact.

Counsel for appellant contends, however, that in an action like this the attorney's fee recoverable must be limited to services rendered strictly in procuring the dissolution of the attachment, and cannot be extended to services rendered in defense of the suit in general.

[9] Where there is a principal suit, to which the writ of attachment or injunction is merely ancillary, the authorities all hold that the counsel fees recoverable must be limited to those incurred by reason and in defense of the ancillary writ. McGraw v. Little, 198 Ala. 553, 73 So. 915; 32 Corp. Jur. 476, note 6. This may, of course, involve the entire defense to the whole suit. Bolling v. Tate, 65 Ala. 417, 426, 35 Am. Rep. 5.

Here there was no principal suit from which the attachment proceeding could be severed and separately defended. The enforcement of the landlord's lien against the property was the object of the attachment suit, and in order to defeat and discharge the attachment writ it was necessary for the defendant in that suit to defeat the claim of indebtedness presented against her—a claim for rent, which, if established, imposed upon her property a lien which would have resulted in its subjection to the debt.

We think, therefore, and hold, that the attorney's fee recoverable was properly extended to the entire defense made in the course of the suit in both courts.

The record exhibits many assignments of error, but in view of the undisputed evidence showing a breach of the bond and the instructions limiting the recovery to the attorney's fee, and leaving its allowance to the jury, all other rulings than those above discussed were immaterial and need not be considered.

We find no error to reverse the judgment, and it will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.