159 So. 835

## PENNEY et al. v. BURNS.

### 8 Div. 643.

Supreme Court of Alabama.

Feb. 28, 1935.

A. J. Harris and Julian Harris, both of Decatur, for appellee.

Chas. H. Eyster and John Caddell, both of Decatur, for appellants.

ANDERSON, Chief Justice.

This is an action on an attachment bond for damages, principally attorney's fees, for defending the attachment suit, which said attachment had been wrongfully sued out, for the reason that there was no debt owing the plaintiff by the defendant in said attachment suit.

These appellants, by various methods, attempted to confine the appellee's right to recover the fees to service rendered in the defense of the attachment strictly as distinguished from the claim for indebtedness as set out in the complaint accompanying the attachment.

It has been often held that where there is a principal suit, to which the writ of attachment or injunction is merely ancillary, the counsel fees must be confined to those incurred by reason and in defense of the ancillary writ. McGraw v. Little, 198 Ala. 553, 73 So. 915.

Here, the attachment was sued out by the landlord to enforce a lien under section 8799 et seq., and at the same time the plaintiff filed a complaint for the amount of rent claimed. To justify the attachment, there must have been a debt due or to become due. Therefore, the issue as to whether or not there was a debt could not be severed and

separately defended and, in order to defeat and discharge the attachment writ, it was necessary for the defendant to defeat the claim of indebtedness, a claim for rent. We therefore hold that the attorney's fees recovered were properly extended to the entire action. Smith v. Summers, 215 Ala. 690, 112 So. 344. Also to services rendered upon the appeal to this court. Bolling v. Tate, 65 Ala. 417, 39 Am. Rep. 5. Indeed, this case is practically identical to the case of Smith v. Summers, supra. Said case, as reported, does not disclose a complaint, but the original record shows that a summons and complaint accompanied the attachment and was served on the defendant.

█ In order to recover counsel fees, the plaintiff did not have to show that the fee had been actually paid. He did prove that he incurred a liability for the service to be rendered and that service had been rendered in the attachment suit, and this was sufficient. Schuessler & Sons v. Still, 169 Ala. 239, 53 So. 831.

█ Whether or not a claim had been interposed by a third person in the attachment suit was immaterial, as the record shows that the defendant, the plaintiff here, was awarded a judgment to the effect that the attachment had been wrongfully sued out.

The judgment of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.